IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| **I & I HAIR CORPORATION,**<br><br>    Plaintiff,<br><br>    v.<br><br>**BEAUTY PLUS TRADING CO., INC. DBA JANET COLLECTION,**<br><br>    Defendant. | Civ. No. 3:18-cv-3254-M |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, this action was commenced on December 11, 2018 by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff I & I Hair Corporation ("**Plaintiff**") seeks injunctive relief and monetary damages against defendant Beauty Plus Trading Co., Inc. DBA Janet Collection ("**Defendant**") for infringement of Plaintiff's federally-registered trademark EZBRAID® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Texas.

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,307,824 on the Principal Register in the United States Patent and Trademark Office for the trademark EZBRAID® (hereinafter EZBRAID® Mark").

4. Plaintiff has used the EZBRAID® Mark in commerce continuously since May 25, 2016 to identify its products and services.

5. As a result of its widespread, continuous, and exclusive use of the EZBRAID® Mark to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the EZBRAID® Mark.

6. Plaintiff's EZBRAID® Mark is distinctive to both the consuming public and Plaintiff's trade.

7. As a result of Plaintiff's expenditures and efforts, the EZBRAID® Mark has come to signify the high quality of the goods designated by the EZBRAID® Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

8. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its EZBRAID® Mark, Defendant adopted and began using the EZBRAID® mark and similarly confusing marks in US commerce.

9. Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff and are likely to dilute the distinctive quality of Plaintiff's EZBRAID® Mark.

10. Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant and any company directly or indirectly related to Defendant or directly or indirectly related to Defendant's owner Chang Moo Lee are permanently enjoined and restrained from directly or indirectly:

(a) manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote any goods or services bearing the mark EZBRAID or any other

mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's EZBRAID® mark;

(b)  engaging in any activity that infringes Plaintiff's rights in its EZBRAID® mark;

(c)  engaging in any activity constituting unfair competition with Plaintiff;

(d)  engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's EZBRAID® mark;

(e)  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(f)  using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(g)  registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark EZBRAID or any other mark that infringes or is likely to be

4

confused with Plaintiff's EZBRAID® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

(h) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 11(a) through paragraph 11(g).

11. Defendant shall file with the court and serve upon Plaintiff's counsel within thirty (30) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

12. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

13. If Defendant or any company directly or indirectly related to Chang Moo Lee is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

14. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

15. The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

**SO ORDERED.**

Dated: June 20, 2019

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: Apr 30, 2019
Location: Dallas, TX

**I&I Hair Corporation**

_____
Printed Name: Hyun Han
Title: CEO

Dated:_____
Location:_____

**Beauty Plus Trading Co., Inc.**

_____
Printed Name:_____
Title:_____

**AGREED AS TO FORM AND CONTENT:**

Dated: 05/07/2019
Location: Dallas, TX

**Sul Lee Law Firm, PLLC**

/s/ Papool S. Chaudhari
_____
Papool Chaudhari
2560 Royal Lane, Suite 202
Dallas, TX 75229
(214) 206-4064
(214) 206-4068 Fax
pchaudhari@sulleepllc.com
Attorneys for Plaintiff

6

SO ORDERED.

Dated: June 20, 2019

*[Signature: Barbara M. G. Lynn]*

UNITED STATES DISTRICT JUDGE

CONSENTED TO:

Dated: _____
Location: _____

**I&I Hair Corporation**

Printed Name: _____
Title: _____

Dated: Apr. 30 '19
Location: Moonachie, NJ

**Beauty Plus Trading Co., Inc.**

*[Signature]*

Printed Name: Young Hwang
Title: Exec. Director

**AGREED AS TO FORM AND CONTENT:**

Dated: _____
Location: _____

Sul Lee Law

Papool Chaudhari
2560 Royal Lane, Suite 202
Dallas, TX 75229
(214) 206-4064
(214) 206-4068 Fax
pchaudhari@sulleepllc.com
Attorneys for Plaintiff

6