IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| I & I HAIR CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-03254-M |
| | § | |
| BEAUTY PLUS TRADING CO., INC. d/b/a | § | |
| JANET COLLECTION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Hold Defendant and Related Entity in Contempt. [ECF No. 14]. A hearing on the Motion was held on September 9, 2019 at 3:00 PM. For the reasons stated below and on the record at the Court's September 9, 2019 hearing, the Motion is **DENIED**.

### I.   Factual and Procedural Background

Plaintiff I&I Hair Corporation brought this trademark infringement action against Defendant Beauty Plus Trading Co., Inc. d/b/a Janet Collection. [Complaint, ECF No. 1]. Plaintiff is the current owner of the trademark "EZBRAID," Trademark Registration No. 5,307,824 (the "EZBRAID Mark"), and the Complaint alleges claims of trademark infringement, false designation of origin, and unfair competition related to Defendant's use of the EZBRAID Mark.

Following commencement of this action, the parties began settlement negotiations. Defendant claims that its counsel informed Plaintiff's counsel multiple times during negotiations that Plaintiff did not own the EZBRAID Mark and that it was instead issued to Eunja Son, a principal of Plaintiff. As a result, Defendant's counsel allegedly argued to Plaintiff's counsel that Plaintiff lacked standing to bring this action. However, Defendant eventually discharged its

counsel and continued to negotiate directly with Plaintiff because it was easier to do so in the parties' owners' common native language of Korean. Plaintiff claims that it nevertheless kept Defendant's counsel included on subsequent email communications with Defendant.

The parties eventually executed a Settlement Agreement, pursuant to which the Court issued a Consent Judgment. Under the terms of the Settlement Agreement and the Consent Judgment, the parties agreed that Plaintiff owned the EZBRAID Mark and that Defendant had used the EZBRAID Mark and similarly confusing marks in commerce, without Plaintiff's permission. The Consent Judgment permanently enjoined Defendant and any other company owned by Defendant's owner Chang Moo Lee from engaging in the potential infringement of the EZBRAID Mark.

There is evidence before the Court that after entry of the Consent Judgment, an employee of Plaintiff traveled to a tradeshow in Atlanta, GA, where he discovered that Defendant and Hair Plus Trading Co., Inc. d/b/a Femi Collection ("Femi") were selling products and packaging using the EZBRAID Mark. Plaintiff then filed the current Motion seeking to hold both entities in contempt. In its Response to the Motion [ECF No. 20], Defendant, now represented by counsel, argues that Plaintiff never had standing to bring this action because it did not own the EZBRAID Mark. Following the filing of Defendant's Response, Plaintiff executed a nunc pro tunc assignment with Ms. Son [ECF No. 23-1], which purported to retroactively assign to Plaintiff the rights to the EZBRAID Mark, effective prior to the commencement of this action.

II. **Legal Standard**

Courts have the authority and discretion to enforce their orders through findings of contempt. *Cook v. Ochsner Found. Hosp.,* 559 F.2d 270, 272 (5th Cir. 1977). In a civil contempt proceeding, the movant must demonstrate a prima facie case with clear and convincing evidence that: 1) there was a court Order in effect; 2) the Order required specific conduct by the respondent;

and 3) the respondent failed to comply with the Order. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). The respondent can then provide mitigating circumstances or demonstrate substantial compliance that may cause the court to refrain from exercising its contempt powers. *Whitfield v. Pennington*, 832 F.2d 909, 914 (5th Cir. 1987). Here, Defendant disputes the validity of the Consent Judgment and whether Defendant actually violated it.

### I. Validity of the Consent Judgment

While Plaintiff, as the movant, would normally bear the burden of proving there was a court order in effect, "a party to a consent judgment is thereby deemed to waive any objections it has to matters within the scope of the judgment." *Coughlin v. Regan*, 768 F.2d 468, 469–70 (1st Cir. 1985). Instead, Defendant, as the party "who attacks a settlement[,] must bear the burden of showing that the contract [it] has made is tainted with invalidity." *Del Bosque v. AT & T Advert., L.P.*, 441 F. App'x 258, 261 (5th Cir. 2011).

Relief from a consent judgment is only appropriate "on a showing of either lack of actual consent, fraud in obtaining consent, lack of federal jurisdiction, or mistake." *Coughlin*, 768 F.2d at 470; *see also Murphy v. HSBC Bank USA*, 95 F. Supp. 3d 1025, 1033 (S.D. Tex. 2015) ("A party may not appeal an agreed judgment unless he alleges and shows fraud or misrepresentation because the effect of a consent judgment is to waive all errors except lack of jurisdiction."). Fed. R. Civ. P. 60(b) allows a Court to grant relief from a final judgment for fraud or because "the court that rendered it lacked jurisdiction." Fed. R. Civ. P. 60(b); *Brumfield v. Louisiana State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015).

Defendant argues that Plaintiff fraudulently induced Defendant to enter into the Consent Judgment through Plaintiff's misrepresentation that it owned the EZBRAID Mark, and that

Plaintiff never had standing to bring this action.  However, neither argument warrants invalidating the Consent Judgment.

## I.     Plaintiff's Representations of Ownership

Defendant claims that Plaintiff made a material misrepresentation as to the ownership of the EZBRAID Mark that induced it to enter into the Consent Judgment.  Fraudulent inducement can invalidate a Consent Judgment.  *United States v. Eyler*, 778 F. Supp. 1553, 1558 (M.D. Fla. 1991).  However, Defendant also represents that its counsel informed Plaintiff's counsel on multiple occasions that Plaintiff did not own the EZBRAID Mark.  Defendant is deemed to have notice of the facts known by its counsel.  *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962).  Even assuming Plaintiff misrepresented its ownership of the EZBRAID Mark to Defendant, Defendant cannot now claim that it was fraudulently induced into entering into the Consent Judgment when it knew, as it claims, that those representations were false.  Accordingly, the Consent Judgment is not invalidated as a result of fraudulent inducement.

## II.    Plaintiff's Standing to Bring This Action

Defendant also claims that Plaintiff did not own the EZBRAID Mark when the suit was commenced, and lacked standing as a result.  A consent judgment can be invalidated if the Court that issued it lacked jurisdiction.  *Coughlin*, 768 F.2d at 470.  A court's subject matter jurisdiction extends to cases and controversies under Article III of the Constitution, which requires a plaintiff to demonstrate constitutional standing through an injury in fact that is fairly traceable to the defendant's actions that will likely be redressed by a favorable court decision.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  Constitutional standing is assessed at the time a plaintiff commences an action.  *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005). Statutory standing, also commonly referred to as prudential standing, is similar to constitutional

standing and addresses whether a plaintiff is "within the class of plaintiffs whom Congress has authorized to sue" under a statute. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014). Although often treated as "effectively jurisdictional," statutory standing relates to the merits of a cause of action and not subject matter jurisdiction." *Id.* Nevertheless, Congress can also elevate a statutory element and designate it as a jurisdictional requirement when it "clearly states" its intent to do so. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006).

Defendant does not clarify in its papers whether it is arguing that Plaintiff lacked statutory or constitutional standing when it commenced this action. Defendant's counsel argued during the hearing that trademark ownership was an issue of prudential standing, but then classified prudential standing as a type of constitutional standing. However, as noted above, prudential standing is a merits issue distinct from the jurisdictional issue of constitutional standing.

Trademark ownership is a type of statutory or prudential standing. Under 15 U.S.C. 1114(b), a defendant is liable for trademark infringement to "the registrant" of the trademark. This includes the owner of the trademark, an assignee, and an exclusive licensee who is tantamount to an assignee. *Neutron Depot, LLC v. All Web Leads, Inc.*, No. AU-16-CA-00901-SS, 2017 WL 9538893, at *2 (W.D. Tex. Nov. 30, 2017). Whether a party owns the trademark affects whether it is in the class of plaintiffs that can seek relief under the terms of 15 U.S.C. 1114(b), but nothing indicates an intent by Congress to designate trademark ownership as a jurisdictional requirement. Multiple courts have agreed that trademark ownership is a statutory requirement. *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 72 (2d Cir. 2013); *Neutron Depot, LLC*, 2017 WL 9538893, at *1–2; *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C 12-05523 WHA, 2013 WL 1007666, at *1–2 (N.D. Cal. Mar. 13, 2013).

Furthermore, in the related context of false designation of origin claims under 15 U.S.C. 1125(a), which Plaintiff also claimed in its Complaint, a plaintiff does not need to own the trademark to satisfy constitutional standing. *Who Dat Yat LLC v. Who Dat? Inc.*, No. 10-2296, 2011 WL 39043, at *6 (E.D. La. Jan. 4, 2011). It would be incongruous to say that trademark ownership is a constitutional standing requirement for a trademark infringement claim under 15 U.S.C. 1114(b) but not for a false designation of origin claim under 15 U.S.C. 1125(a), even if both claims are based on the same alleged actions. *See Exxon Corp. v. Humble Expl. Co.*, 695 F.2d 96, 103 (5th Cir. 1983) ("While § 1125 has a broader reach than § 1114 . . . when a claim is based on alleged ownership of a mark, the two sections must be applied in a parallel manner."). Because Plaintiff's ownership status of the EZBRAID Mark is not an issue of constitutional standing, it does not impact the Court's jurisdiction and does not warrant invalidating the Consent Judgment.

Additionally, unlike constitutional standing, statutory standing issues can be waived or cured. *Houston Home Dialysis v. Blue Cross & Blue Shield of Texas*, No. CV H-17-2095, 2018 WL 5249996, at *6 (S.D. Tex. Oct. 22, 2018); *Mobilemedia Ideas, LLC v. Research in Motion Ltd.*, No. 3:11-CV-2353-N, 2013 WL 12124319, at *5 (N.D. Tex. June 18, 2013). This includes attempted curing through a nunc pro tunc assignment. As Defendant argues, the Federal Circuit has held that nunc pro tunc assignments cannot retroactively cure a lack of standing. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779 (Fed. Cir. 1996). However, the plaintiffs in both of those cases lacked both statutory and constitutional standing, and several courts have distinguished those decisions and found that a nunc pro tunc assignment can cure a lack of statutory standing. *Positive Techs., Inc. v. LG Display Co.*, No. CIV. 2:07 CV 67, 2008 WL 4425372, at *2 (E.D. Tex. Sept.

24, 2008); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. CIV.A. 2:07-CV-468, 2009 WL 2460985, at *5–6 (E.D. Tex. Aug. 10, 2009).  As a non-jurisdictional issue, Plaintiff's lack of ownership of the EZBRAID Mark was both waived by Defendant by agreeing to the Consent Judgment and cured through the nunc pro tunc assignment between Plaintiff and Ms. Son.

Even if the Court finds that Plaintiff does not have constitutional standing to bring its trademark infringement claims under 15 U.S.C. 1114(b), it has not challenged Plaintiff's standing to bring its false designation of origin claim.[1]  Under 15 U.S.C. 1125(a), a defendant shall be liable for false designation to "any person who believes that he or she is or is likely to be damaged." There is no constitutional standing requirement that a plaintiff own the trademark at issue.  *See Who Dat Yat LLC*, 2011 WL at *6 (finding the plaintiff had constitutional standing despite not alleging any ownership interest in the trademark at issue).

Defendant has not raised a standing issue as to the false designating of origin claim, and the Court at least has jurisdiction to enter the Consent Judgment as a resolution of that claim. While the Consent Judgment imposes obligations beyond Defendant's alleged false designation of origin, "parties are free to settle their disputes on their own terms." *Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019).  Had Plaintiff only brought a false designation of origin claim, the Court would still have subject matter jurisdiction to resolve that claim with a consent judgment that contained the same operative provisions as the Consent Judgment, and any other terms that the parties deemed material.  Thus, regardless of Plaintiff's standing to bring its trademark infringement claim, the Court has jurisdiction over its false designation of origin claim, which is sufficient to validate the Consent Judgment.

---

[1] Although Plaintiff's Complaint does not specifically include a false designation of origin claim in its counts, the Complaint does seek relief for a false designation of origin claim in its prayer, and Defendant waived any arguments that the claim should be excluded by agreeing to the Consent Judgment, which notes that the Complaint seeks a claim for false designation of origin under 15 U.S.C. § 1125(a).  [Consent Judgment at preamble].

## II. Violation of the Consent Judgment

Regardless of the validity and enforceability of the Consent Judgment, Plaintiff's lack of ownership of the EZBRAID Mark at the time of the trade show creates an uncertainty that renders a finding that Defendant was in contempt inappropriate. "Consent judgments are both enforceable judicial orders and contracts that must be interpreted as such." *Rankin v. City of Mansfield*, No. CV 03-448, 2017 WL 2177897, at *3 (W.D. La. May 17, 2017). This requires applying what is in the four corners of the consent judgment and not what a party may have intended but did not express. *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971). The Consent Judgment, here, recites that Plaintiff owns the EZBRAID Mark [Consent Judgment ¶ 3], and then phrases its operative provisions in terms of the EZBRAID Mark, Plaintiff's EZBRAID Mark, and Plaintiff's rights in the EZBRAID Mark. [*Id.* ¶ 10]. However, given that Plaintiff may not have owned or had rights in the EZBRAID Mark at the time of the alleged contemptuous conduct, it is unclear what obligations, if any, Defendant and Femi may have violated. "The judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Accordingly, the Court finds that Plaintiff has not provided sufficient evidence to justify holding Defendant in contempt.

Nevertheless, as of the date of this Order Plaintiff indisputably owns the EZBRAID Mark, following the assignment from Ms. Son. Accordingly, any ambiguity in the Consent Judgment has been remedied and similar actions by Defendant in the future would likely warrant a finding of contempt.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Hold Defendant and Related Entity in Contempt is **DENIED**. Pursuant to Federal Rules of Civil Procedure 58(a) and 60(a), the Court will issue by separate document an Amended Consent Judgment that corrects the clerical error in the Consent Judgment, as outlined by the Court and agreed to by the parties on the record at the Court's September 9, 2019 hearing. It is **ORDERED** that Defendant and all other parties subject to the Amended Consent Judgment shall comply with their obligations therein.

**SO ORDERED**.

September 13, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE