**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**I & I HAIR CORPORATION,**

        Plaintiff,

v.

        **CASE NO. 3:18-CV-03254-M**

**BEAUTY PLUS TRADING CO., INC.,**

        Defendant.

---

**APPENDIX IN SUPPORT OF**
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT**

Dated:  April 21, 2020

By: */s/ Hao Ni*
Hao Ni (local counsel)
Texas Bar No. 24047205
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Tel. (972) 331-4600
Fax. (972) 314-0900
hni@nilawfirm.com

John H. Choi (admitted pro hac vice)
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. (201) 580-6600
Fax. (201) 625-1108
jchoi@jchoilaw.com

*Attorneys for Defendant Beauty Plus Trading*
*Co., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of April, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Hao NI*
Hao Ni

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

I & I HAIR CORPORATION,

                  Plaintiff,

v.

BEAUTY PLUS TRADING CO., INC.,

                  Defendant.

**Civil Action No. 3:18-cv-03254-M**

## DECLARATION OF JOHN H. CHOI IN SUPPORT OF DEFENDANT BEAUTY PLUS TRADING CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT

I, John H. Choi, hereby declare as follows:

1.      I am the managing attorney of the law firm John H. Choi & Associates LLC, attorneys for Defendant Beauty Plus Trading Co., Inc. ("Defendant"), and I am a member in good standing of the Bar of New Jersey. I make this Declaration in support of Defendant's Opposition to Plaintiff I & I Hair Corporation's ("I&I") Motion for Contempt (Doc. 30, "Motion").

2.      I have been advised by Beauty Plus that I&I had advised its sister company, Selim Fiber, that I&I offered to settle the present matter with Beauty Plus for $500,000 but Beauty Plus refused. However, I never received any offer to settle the matter.

3.      On February 14, 2020, during the course of settlement discussions with respect to the present dispute, I forwarded to I&I's counsel, Papool Chaudhari, a link to a video showing shipping boxes labeled EZBRAID being opened and showing EZ PRE-STRETCHED BRAID products contained therein.  That video is available for viewing at the following link:

https://drive.google.com/file/d/1xKuxb7NLTplgpli337jjaaUxa5HlZ4AN/view?usp=sharing.

APPENDIX001

2

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Young Hwang, dated April 21, 2020.

5.      Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Seung Youb Lee, dated April 21, 2020.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of the Settlement Agreement entered into by I&I and Beauty Plus on April 22, 2019.

7.      Attached hereto as **Exhibit 4** is the Amended Consent Judgment and Permanent Injunction in the case, entered on September 13, 2019 (Doc. 29).

8.      Attached hereto as **Exhibit 5** is a true and correct copy of a printout showing application data of Beauty Plus's trademark application for the mark EZ TRESS ("EZ TRESS Application") obtained from the U.S. Patent and Trademark Office's ("USPTO") Trademark Electronic Search System ("TESS").

9.      Attached hereto as **Exhibit 6** is a true and correct copy of a non-final office action dated March 27, 2019 entered in the EZ TRESS Application.

10.      Attached hereto as **Exhibit 7** is a true and correct copy of a Publication Confirmation dated May 28, 2019 entered in the EZ TRESS Application.

11.      Attached hereto as **Exhibit 8** is a true and correct copy of a Notice of Allowance dated July 23, 2019 entered in the EZ TRESS Application.

12.      Attached hereto as **Exhibit 9** is a true and correct copy of a Notice of Approval of Extension Request dated January 11, 2020 entered in the EZ TRESS Application.

13.      Attached hereto as **Exhibit 10** is a true and correct copy of I&I's application for EZBRAID dated February 18, 2019 ("EZBRAID Application") obtained from the USPTO public records.

3

14.     Attached hereto as **Exhibit 11** is a true and correct copy of a non-final office action dated May 8, 2019 entered in the EZBRAID Application.

15.     Attached hereto as **Exhibit 12** is a true and correct copy of I&I's October 31, 2019 response to the non-final office action in the EZBRAID Application.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  April 21, 2020
Ridgefield Park, NJ

                    /s/ John H. Choi
                    John H. Choi

APPENDIX003

# EXHIBIT 1

## DECLARATION OF YOUNG HWANG

I, Young Hwang, hereby declare as follows:

1.      I am Executive Director of Beauty Plus Trading Co., Inc. ("Beauty Plus") and I have been employed with Beauty Plus for 20 years. I have been actively involved in the day-to-day operations of Beauty Plus and I have first-hand knowledge of the statements made herein.

2.      Beauty Plus is in the business of selling hair pieces, including hair extension and braided hair products. Beauty Plus is a New Jersey corporation located in Moonachie, NJ. Hair Plus Trading Co., Inc. ("Hair Plus") is a Georgia corporation located in Suwanee, GA and is also in the same business. Hair Plus is owned and operated separate from Beauty Plus.

3.      I & I Hair Corporation ("I&I") filed a lawsuit against Beauty Plus in late 2018 in Federal District Court in the Northern District of Texas under Civil Action No. 3:18-cv-03254-M ("Lawsuit"). I was involved in settlement discussions between the parties in the Lawsuit that led to the parties settling the case in April 2019. At no time did the parties agree that Beauty Plus would recall any products. If this was the case, Beauty Plus would not have entered into the settlement agreement.

4.      I was also involved in settlement efforts of the present dispute which arose in November-December 2019. Beauty Plus continues to do business with I&I's sister company, Selim Fiber ("Selim"), located in Seoul, Korea. In early February 2020, Selim offered to help settle the matter so I traveled to Korea for a meeting. Unfortunately, Selim was unable to successfully mediate and the parties were unable to settle before Plaintiff filed its motion for contempt on March 3, 2020. ("Plaintiff's Motion").

5.      Since Plaintiff filed its motion, I have been in touch with Selim. During a recent discussion with Selim, it came to my attention that Selim was advised that Plaintiff had offered to

settle the matter with Beauty Plus for $500,000 but Beauty Plus refused. However, Beauty Plus nor its counsel ever received such offer.

6.      In spring of 2019, Beauty Plus contacted its suppliers and advised them of changes in packaging design of their products previously sold with the mark EZBRAID ("Old Products"). Specifically, the text EZBRAID was replaced with EZ TEX PRE-STRETCHED BRAID or other text conforming to the settlement agreement for any new orders of those products ("New Products"). See attached **Exhibit A**.

7.      Also, Beauty Plus has made every effort to refrain from selling the Old Products. For example, Beauty Plus has instructed its warehouse employees to inspect relevant goods prior to shipment and Beauty Plus routinely re-labels Old Products to conform with the Settlement Agreement and Amended Consent Judgment. See, for example, attached **Exhibit B**.

8.      Beauty Plus has reviewed Plaintiff's Motion, including Plaintiff's Appendix, and an investigation was conducted. Beauty Plus confirms that Exhibits E-G and N are Beauty Plus products. A summary of Plaintiff's Appendix 7-40 is shown below with Beauty Plus's products highlighted.

| Exh | Page | Store | Address |
|-----|------|-------|---------|
| B | 7-8 | South Gate Beauty | 1917 S. 3rd St., Memphis, TN 38109 |
| C | 9-10 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX  76119 |
| D | 11-12 | Mid-K Beauty | 1803 North East 23, Oklahoma City, OK 73111 |
| E | 13-14 | Golden Beauty Supply | 2906 Covington Pike, Memphis, TN 38128 |
| F | 15-16 | Fashion Today | 45 Carriage House Dr., Jackson, TN 38305 |
| G | 17-18 | Fashion Today | 45 Carriage House Dr., Jackson, TN 38305 |
| H | 19-20 | Mid-K Beauty | 3523 Prospect Ave., Kansas City, MO 64128 |
| I | 21-22 | Cannot Determine | |
| J | 23-24 | Cannot Determine | |
| K | 25-26 | Dream Hair World | 740 Nashville Pike,  Gallatin, TN 37066 |
| L | 27-28 | Golden Beauty | 3217 Clarksville Pkwy , Nashville, TN 37218 |
| M | 29-30 | Joyland Beauty | 3049 Dickerson Rd., Nashville, TN 37207 |
| N | 31-32 | Lee's Beauty Supply | 348 E. Capitol Dr., Milwaukee, WI 53212 |

| O | 33-34 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX  76119 |
| P | 35-36 | Jenny Beauty Supply | 4343 Gannon Lane, Dallas, TX 75237 |
| Q | 37-28 | Hair Plus | 2867 McDowell Rd., Jackson, MS 39204 |
| R | 39-40 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX 76119 |

9.      With respect to the individually packaged EZBRAID products shown in Plaintiff's Exhibits E-G and N (Old Products), we have determined where those pictures were taken and confirmed that there are no records of sales of those products to those customers after September 13, 2019. Attached as **Exhibit C** is a true and correct copy of a declaration from the customer in Plaintiff's Appendix Exhibit N.

10.     Beauty Plus has also reviewed Plaintiff's Appendix 41-45 (Plaintiff's Exhibit S), which shows the Old Products inadvertently displayed on Beauty Plus's website. Beauty Plus was not aware of the same and did not receive notice of the same from Plaintiff until the filing of I&I's motion on March 3, 2020. Those images were immediately removed after Beauty Plus became aware of them and replaced with New Product images as shown in the attached **Exhibit D**.

11.     Beauty Plus continues to inventory and sell the New Products under the same item description and number as the Old Products because even though the packaging may have changed, the product itself has not changed. For example, a 10-inch Old Product was previously inventoried and sold as "4X E-Z BOX BRAID 10." A 10-inch New Product with the same product specification is also inventoried and sold as "4X E-Z BOX BRAID 10."

12.     Currently, there are hundreds of boxes of relevant products. In order to take accurate inventory of Old Products and New Products as requested by Plaintiff, each box must be opened. As a result, it would require many hours of work.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated:  April 21, 2020
Moonachie, NJ

_/s/Young Hwang_____
Young Hwang

# EXHIBIT A





# EXHIBIT B





APPENDIX014

APPENDIX015



APPENDIX016



APPENDIX017

APPENDIX018

# EXHIBIT C

## DECLARATION OF JAE SUNG LEE

I, JAE SUNG LEE, hereby declare as follows:

1.    I am the owner of Lee's Beauty Supply located at 348 E. Capitol Dr., Milwaukee, WI 53212 ("Retail Store") and I have first-hand knowledge of the statements made herein.

2.    The photograph shown in the attached Exhibit N appears to have been taken at our Retail Store.

3.    I have been advised that a representative of I & I Hair Corporation ("I & I") took the picture shown in Exhibit N. However, I never authorized I & I or its representative to take the picture shown in Exhibit N.

4.    The goods shown in Exhibit N bearing the mark EZ BRAID were purchased from Beauty Plus Trading Co., Inc. ("Beauty Plus") in Moonachie, New Jersey prior to September 13, 2019.

5.    We have not purchased any goods bearing the mark EZ BRAID from Beauty Plus or Hair Plus Trading Co., Inc. ("Hair Plus") in Atlanta, Georgia on or after September 13, 2019.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 14 2020
Milwaukee, WI

_____
JAE SUNG LEE

CS Scanned with CamScanner

APPENDIX020

# Exhibit N



# EXHIBIT D



# EZ TEX PRE-STRETCHED 44"

**PREMIUM SYNTHETIC HAIR**

COLORS

1,1B, 2, 4, 27, 30, 33, BURG, 99J, 613, OET1B/99J, OET1B/27, OET1B/30, OET1B/BURG, OET1B/BLUE, OET1B/613

COLOR

Categories: EZ TEX, JANET GURU - BRAID&BULK

janetcollection.com/product/ez-pre-stretched-44-ez-tex/

# EZ TEX PRE-STRETCHED 54"

**PREMIUM SYNTHETIC HAIR**

COLORS

1, 1B, 2, 4, 27, 30, 33, BURG, 99J, 613, OET1B/99J, OET1B/27, OET1B/30, OET1B/BURG, OET1B/BLUE, OET1B/613

COLOR

Categories: EZ TEX, JANET GURU - BRAID&BULK



## TRIPLE EZ TEX PRE-STRETCHED 56" 3PCS

**PREMIUM SYNTHETIC HAIR**

COLORS
1,1B,2,4,27,30,33,BURG,99J,613,OET1B/27,OET1B/30,
OET1B/BURG

COLOR

Categories: EZ TEX, JANET GURU - BRAID&BULK

APPENDIX026

# EXHIBIT 2

## DECLARATION OF SEUNG YOUB LEE

I, Seung Youb Lee, hereby declare as follows:

1.      I am Vice-President of Hair Plus Trading Co., Inc. ("Hair Plus"). I have been actively involved in the day-to-day operations of Hair Plus and I have first-hand knowledge of the statements made herein.

2.      Hair Plus is in the business of selling hair pieces, including hair extension and braided hair products. Hair Plus is a Georgia corporation located in Suwanee, GA. Beauty Plus Trading Co., Inc. ("Beauty Plus") is a New Jersey corporation located in Moonachie, NJ and is also in the same business. It is my understanding that Mr. Chang Moo Lee is the owner of Beauty Plus. Mr. Lee has no ownership interest in Hair Plus and is not involved in the decision-making of Hair Plus.

3.      I am aware that I & I Hair Corporation ("I&I") filed a lawsuit against Beauty Plus in late 2018 in Federal District Court in the Northern District of Texas under Civil Action No. 3:18-cv-03254-M ("Lawsuit").  Around the same time, Hair Plus received a letter from I&I's lawyer. See attached **Exhibit A**. However, we did not receive any further communications regarding the issue.

4.      In spring of 2019, Beauty Plus recommended that Hair Plus refrain from selling products bearing the mark EZBRAID ("Old Products"). As a result, Hair Plus contacted its suppliers and advised them of changes in packaging design of our products previously sold with the mark EZBRAID. Specifically, the text EZBRAID was replaced with EZ PRE-STRETCHED BRAID ("New Products") for any new orders of those products. See attached **Exhibit C**.

5.      However, having already printed EZBRAID boxes for some of the Old Products, Hair Plus's suppliers continued to ship some of the New Products in old shipping boxes already

APPENDIX028

labeled EZBRAID. Hair Plus and its customers have taken numerous videos of this. Screenshots of one video taken by Hair Plus in early February 2020 are shown in attached **Exhibit B** and available for viewing at:

https://drive.google.com/file/d/1xKuxb7NLTplgpli337jjaaUxa5HlZ4AN/view?usp=sharing.

6.      Also, Hair Plus has made every effort to refrain from selling the Old Products. For example, Hair Plus has instructed its warehouse employees to inspect relevant goods prior to shipment and re-label Old Products prior to sale. A re-labeled product is shown in attached **Exhibit D**.

7.      Hair Plus has reviewed Plaintiff's March 3, 2020 Motion for Contempt, including Plaintiff's Appendix, and an investigation was conducted. Hair Plus confirms that Exhibits B-D, H-M and O-R are Hair Plus products. A summary of Plaintiff's Appendix 7-40 is shown below with Hair Plus's products highlighted.

| Exh | Page | Store | Address |
|-----|------|-------|---------|
| B | 7-8 | South Gate Beauty | 1917 S. 3rd St., Memphis, TN 38109 |
| C | 9-10 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX  76119 |
| D | 11-12 | Mid-K Beauty | 1803 North East 23, Oklahoma City, OK 73111 |
| E | 13-14 | Golden Beauty Supply | 2906 Covington Pike, Memphis, TN 38128 |
| F | 15-16 | Fashion Today | 45 Carriage House Dr., Jackson, TN 38305 |
| G | 17-18 | Fashion Today | 45 Carriage House Dr., Jackson, TN 38305 |
| H | 19-20 | Mid-K Beauty | 3523 Prospect Ave., Kansas City, MO 64128 |
| I | 21-22 | Cannot Determine | |
| J | 23-24 | Cannot Determine | |
| K | 25-26 | Dream Hair World | 740 Nashiville Pike,  Gallatin, TN 37066 |
| L | 27-28 | Golden Beauty | 3217 Clarksville Pkwy , Nashville, TN 37218 |
| M | 29-30 | Joyland Beauty | 3049 Dickerson Rd., Nashville, TN 37207 |
| N | 31-32 | Lee's Beauty Supply | 348 E. Capitol Dr., Milwaukee, WI 53212 |
| O | 33-34 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX  76119 |
| P | 35-36 | Jenny Beauty Supply | 4343 Gannon Lane, Dallas, TX 75237 |
| Q | 37-28 | Hair Plus | 2867 McDowell Rd., Jackson, MS 39204 |
| R | 39-40 | Jenny Beauty Supply | 3328 Mansfield Hwy, Fort Worth, TX 76119 |

3

8.      With respect to the individually packaged EZBRAID products shown in Plaintiff's Exhibits B, K-M and O-R (Old Products), we have determined where those pictures were taken and confirmed that there are no records of sales of those products to those customers after September 13, 2019.

9.      With respect to the EZBRAID shipping boxes shown in Plaintiff's Exhibits C, D and H, we have determined where those pictures were taken and confirmed that the items inside those boxes are EZ PRE-STRETCHED BRAID products (New Products) rather than EZBRAID products (Old Products).

10.     With respect to Plaintiff's Exhibits I and J (Appendix 21-24), we are unable to determine the location of that store but Hair Plus will further investigate upon receipt of details from I&I.

11.     Hair Plus continues to inventory and sell the New Products under the same item description and number as the Old Product because even though the packaging may have changed the product itself has not changed. For example, a 48-inch Old Product was previously inventoried and sold as "EZ PRE-STRETCHED 48"." A 48-inch New Product with the same product specification is also inventoried and sold as "EZ PRE-STRETCHED 48"."

12.     Currently, there are over 1,000 boxes of relevant products in inventory. In order to take accurate inventory of Old Products and New Products, each box must be opened and examined. As a result, it would require many hours of work.

4

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge and belief.

Dated:  April 21, 2020
Suwanee, GA

_____
Seung Youb Lee

# EXHIBIT A



**SUL LEE**
LAW OFFICE of SUL LEE, PLLC

2560 Royal Ln Suite 202, Dallas, TX 75229 USA
Tel 214-206-4064   Direct 214-494-9613   Fax 214-206-4068   Email Sul@sulleelaw.com

December 13, 2018

Hair Plus Trading Co. Inc.
DBA Femi Collection
Attn. Sam S. Lee
6650 Best Friend Rd., NW.
Norcross, GA 30071

*(Via CM: 7017 0660 0000 3878 1150;*
*RRR: 9590  9402 3285 7196 4377 17*
*& First Class)*

RE:   **CEASE AND DESIST USE OF FEDERALLY LICENSED TRADEMARK EZBRAID OR ANY OTHER MARK CONFUSINGLY OR DECEPTIVELY SIMILAR TO EZBRAID**

Dear Mr. Lee:

Please be advised that this firm represents I & I Hair, Corp ("I&I") in regards to its trademark including, but not limited to, its registered Trademark No. 87113273. A true and correct copy of the registration is attached as Exhibit A.

We are contacting you regarding your use of the federally registered EZBRAID mark (the "Mark"). You are infringing the Mark and its related trade dress. Your current use of all of above is unauthorized and intentional.

I&I is the exclusive owner of the Mark. Since at least as early as May 25, 2016, I&I has continuously and exclusively used the Mark to identify its products and services. I&I's EZBRAID braiding hairs are an established name in its established areas. The trademark is strongly recognized.

Your Company is currently in use of marks confusing or deceptively similar to EZBRAID, including, without limitation, "EZ BRAID" and "EZ WEAR BRAID" on packaging for braiding hair. A copy of the evidence showing infringement is attached as Exhibits B. Misappropriation of this mark and trade dress is likely to cause customers confusion as you are identifying your products with marks confusingly or deceptively similar to EZBRAID, which has likely led customers to purchase your product when they intended to purchase I&I's product. We believe that you are blatantly and intentionally using the mark and profiting from its use.

APPENDIX033

Your continued offering for sale and sale of your products with our client's trademark (including marks confusingly or deceptively similar to EZBRAID) and other intellectual property including copyright constitutes trademark infringement, unfair competition, trademark dilution, trade dress violations, and other actionable wrongs under both federal and state law. The Federal Trademark Act provides numerous remedies for the misuse of trademarks or trade names, trademark or name infringement, and dilution, including but not limited to, preliminary and permanent injunctive relief, money damages the infringer's profits, an award of attorney's fees and costs, and up to three times the amount of actual damages. See 15 U.S.C. §1117.

Our client requests you:

1.  Permanently refrain from using the "EZBRAID" trademark or any other mark confusingly or deceptively similar to EZBRAID, including, without limitation, "EZ WEAR BRAID", in connection with any website, domain, company name, merchandise, or any other materials immediately;

2.  Provide us with copies and/or sufficient proof that the "EZBRAID" trademark or any other mark confusingly or deceptively similar to EZBRAID, including, without limitation, "EZ WEAR BRAID," and trade dress, are completely removed as requested immediately;

3.  Provide the date you first started selling braiding hair with the EZBRAID trademark or any other mark confusingly or deceptively similar to EZBRAID, including, without limitation, "EZ WEAR BRAID";

4.  Provide documents that show the amount of sales you have had since you first sold braiding hair with the Mark or any other mark confusingly or deceptively similar to EZBRAID, including, without limitation, "EZ WEAR BRAID"; and

5.  Retrieve and/or recall all products with EZBRAID trademark or any other mark confusingly or deceptively similar to EZBRAID, including, without limitation, "EZ WEAR BRAID", from retail stores that purchased the products from you.

Please contact us by **January 4, 2018**, to confirm your intent to accept and observe our request.

The demands made herein are not made to the exclusion of other rights or remedies to which I&I is entitled, and nothing in this letter, nor any act or omission by I&I, shall be construed as a waiver of any right or remedy possessed by I&I, all of which are expressly reserved.

This letter shall serve as notice under the Federal Rule of Civil Procedure 26(f) and 34 to preserve and maintain all records, electronic or otherwise. This includes without limitation, preserving and maintain all sales and financial records in connection with this matter, disabling any computer systems designed to automatically delete or/overwrite dated or archived files and

halting all back-up tape or other data recording device recycling. Please also understand this letter is an offer to compromise a disputed claim pursuant to Rule 408, FRE and is only admissible for the purposes permitted by this rule.

We look forward to your prompt response.

Yours truly,

*/s/ Diana Shim*
Diana Shim

Encl.

APPENDIX035

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# EZBRAID

**Reg. No. 5,307,824**

**Registered Oct. 10, 2017**

**Int. Cl.: 26**

**Trademark**

**Principal Register**

I & I Hair (TEXAS SOLE PROPRIETORSHIP)
2205 Royal Lane
Dallas, TEXAS 75229

CLASS 26: Wigs

FIRST USE 7-20-2016; IN COMMERCE 5-26-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-113,273, FILED 07-22-2016



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

# EXHIBIT B



# EXHIBIT B





1



APPENDIX042

# EXHIBIT C



APPENDIX044

# EXHIBIT D



APPENDIX046



APPENDIX047

# EXHIBIT 3

# SETTLEMENT AGREEMENT

This Settlement Agreement (this **"Agreement"**) is entered into as of last date signed below ("Effective Date") by and between (a) I & I Hair Corporation (**"I&I"**) and (b) Beauty Plus Trading Co., Inc. DBA Janet Collection ([**"Beauty Plus"**]). Collectively, I&I and Beauty Plus shall be referred to as the **"Parties"**.

## BACKGROUND

WHEREAS I&I has sued Beauty Plus in the Northern District of Texas, Civ. No. 3:18-cv-3254 ("the Litigation") alleging trademark infringement and unfair competition by Beauty Plus' use of the EZ BRAID mark and other confusingly similar marks owned by I&I.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, I&I and Beauty Plus hereby agree as follows:

## AGREED TERMS

1.     Agreed Permanent Injunction.  The Parties agree to execute and submit the Agreed Permanent Injunction Order (attached as an Exhibit to this Agreement) to the Court in the Litigation such that the Court will enter the Order and it will be in full force and effect as any other Court Order. The Parties agreed to be bound by this Permanent Injunction order.  Regardless of the provisions of this Agreement, I&I may seek recourse from the Court for any and all violations of this Order.

2.     EZ TEX and EZ TEX BRAID.  The parties agree that Beauty Plus may continue to use the wording "EZ TEX," subject to Paragraph 3.  Beauty Plus agrees that it will cease and desist from all current and future use of "EZ TEX" with the word "BRAID."

3.     Change of Font and Product Packaging.  Beauty Plus agrees that it will change the font of their "EZ TEX" mark, subject to the approval of I&I.  Beauty Plus further agrees that it will change its product packaging to be dissimilar than that of I&I, subject to the approval of I&I.  These changes, including approvals from I&I, must occur prior to the submission of the Agreed Permanent Injunction to the Court.  In other words, for the sake of clarity, this matter will not be resolved until these changes have occurred and been approved by I&I.

4.     Release of Trademark Oppositions.  I&I agrees to release and dismiss any and all oppositions to the word mark "EZ TEX" in the United States Patent and Trademark Office ("PTO") within seven days of the Effective Date.  The PTO examiner has raised an objection to "EZBRAID" on the basis of the "EZ TEX" mark.  Beauty Plus agrees to sign and submit a written consent to the PTO consenting to the EZBRAID mark for the purpose of removing the PTO's objection to the mark.  The written consent must be executed and submitted to the PTO, and the objection must be removed by the PTO, prior to the submission of the Agreed Permanent Injunction to the Court.

5.     Payment by Beauty Plus. Beauty Plus will pay I&I the total sum of its attorneys fees on this matter.  Prior to submission of the Agreed Permanent Injunction to the Court, I&I will submit to Beauty Plus an invoice for its attorneys fees ("The Settlement Payment").  The Settlement Payment shall be paid by wire not later than seven (7) days following submission of the Invoice to Beauty Plus.  The

parties agree and understand that they will not submit the Agreed Permanent Injunction, or seek any other closing of the Litigation, until Beauty Plus has made this payment to I&I.

6.     No Admission of Liability. The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Beauty Plus and is not to be construed as an admission that Beauty Plus engaged in any wrongful, tortious, or unlawful activity. Beauty Plus specifically disclaims and denies (a) any liability to I&I and (b) engaging in any wrongful, tortious, or unlawful activity.

7.     Closure of Litigation. I&I and his/her/its counsel shall take whatever actions are necessary to ensure that the Litigation is closed in its entirety as to all defendants named therein, with prejudice and without costs or fees, within seven (7) days of his/her/its/their receipt of the Settlement Payment. Beauty Plus will cooperate with I&I in securing the dismissal of the Litigation as appropriate. The parties agree, understand and acknowledge that the entry of the Agreed Permanent Injunction is subject to the Court's timing, and to that effect, the Court's timing supercedes the timing set forth in this Paragraph to the extent the Court takes longer than seven (7) days following receipt of the Settlement Payment to enter the Agreed Permanent Injunction.

8.     Agreement is Legally Binding. The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs, and estates. Moreover, the persons and entities referred to in paragraph 3 above, but not a Party, are third-party beneficiaries of this Agreement.

9.     Entire Agreement. The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

10.     New or Different Facts: No Effect. Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

11.     Interpretation. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

12.     Choice of Law: This Agreement and all related documents, and all matters arising out of or relating to this Agreement, are governed by, and construed in accordance with, the laws of the State of Texas and the United States of America.

APPENDIX050

13.     Choice of Forum: The state or federal courts of Texas located in Dallas County shall be the exclusive forums for litigation concerning this Agreement. All parties to this Agreement consent to personal jurisdiction in such courts as well as service of process by notice sent by e-email to counsel for the parties to the Agreement or by any means authorized by Texas law.

14.     Reliance on Own Counsel. In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise.

15.     Counterparts. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

16.     Authority to Execute Agreement. By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants, and/or other restrictions placed upon them by their respective entities.

[SIGNATURE PAGE FOLLOWS]

3

APPENDIX051

**IN WITNESS WHEREOF,** and intending to be legally bound, each of the Parties hereto has caused this Agreement to be executed as of the date(s) set forth below.

for I & I Hair Corporation

Title: _C E O_

Dated: _04 - 22 - 2019_

for Beauty Plus Trading Co., Inc. DBA Janet Collection

Title: _Executive Director_

Dated: _Apr 17 '19_

4

# Trademark Consent Agreement

This Trademark Consent Agreement ("**Agreement**"), dated as of April 1 7, 2019 is by and between , Beauty Plus Trading Co("**Prior Applicant**"), and I&I Hair Corporation ("**Applicant**").

WHEREAS, Prior Applicant recently received Notice of Allowance for the Registration (as defined below) for Prior Applicant 's Mark (as defined below) in International Class 26 for Hair extensions; Hair pieces; Wigs (Prior Applicant 's goods);

WHEREAS, Applicant is the owner of the Application (as defined below) to register the Applicant's Mark (as defined below) in International Class 40 for Applicant's technology related to making braids, hair pieces and wigs in the nature of custom construction of braids, hair, pieces and wigs (Applicant's Goods and Service);

WHEREAS, in an Office Action dated Jan 24, 2019 the US Patent & Trademark Office refused registration of Applicant's Mark based on a finding of likelihood of confusion with the Prior Applicant 's Mark; and

WHEREAS, Prior Applicant and Applicant believe that Applicant's use of Applicant's Mark within the scope of the Application does not and will not create actual or likelihood of confusion with Prior Applicant 's use of Prior Applicant 's Mark within the scope of the Notice of Allowance.

NOW, THEREFORE, in consideration of the mutual covenants, terms, and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

      1.    <u>Definitions</u>. For purposes of this Agreement, the following terms shall have the following meanings:

      "**Application**" means US trademark application Serial Number 88151563

      "**Applicant's Goods and Service** means the services listed in the Application, namely technology related to making braids, hair pieces and wigs;

      "**Applicant's Mark**" means the trademark EZ Technology graphic mark shown in the Application.

      "**Prior Applicant 's Goods/Services** means the goods listed in the Application Serial number 88105407, namely Hair extensions; Hair pieces; Wigs

      "**Prior Applicant 's Mark**" means the EZTEX

      "**Territory**" means the United States of America and its territories and possessions.

      2.    <u>Consent to Use and Registration</u>. Prior Applicant hereby consents to:

      (a)    Registration in the US Patent & Trademark Office of Applicant's Mark in International Class 40 for Applicant's goods and service under the Application and

      (b)    Applicant's use of Applicant's Mark in the Territory within the scope of the Application or as amended as suggested by the USPTO

    3.    <u>No Likelihood of Confusion</u>. The parties acknowledge and agree that there is and will be no likelihood of consumer confusion resulting from the simultaneous use and registration of the Marks for their respective goods as set forth herein because:

      (a)    DESCRIPTION OF DIFFERENCES BETWEEN THE PARTIES' MARKS, FOR EXAMPLE, IN APPEARANCE, SOUND, MEANING, AND COMMERCIAL IMPRESSION;

      (b)    DESCRIPTION OF DIFFERENCES IN THE PARTIES' GOODS OR SERVICES OFFERED UNDER THE MARKS;

      (c)    DESCRIPTION OF DIFFERENCES IN THE PARTIES' ESTABLISHED AND LIKELY-TO-CONTINUE TRADE CHANNELS FOR THE GOODS OR SERVICES UNDER THE MARKS, FOR EXAMPLE, RETAIL, WHOLESALE, ONLINE, OR INSTITUTIONAL CHANNELS;

      (d)    DESCRIPTION OF DIFFERENCES IN THE PARTIES' ADVERTISING AND MARKETING CHANNELS FOR GOODS OR SERVICES OFFERED UNDER THE MARKS;

      (e)    DESCRIPTION OF DIFFERENCES IN PURCHASING CONDITIONS AND CONSUMERS FOR GOODS OR SERVICES OFFERED UNDER THE MARKS, FOR EXAMPLE, IF THE GOODS OR SERVICES ARE TARGETED TO PARTICULAR CLASSES OF CONSUMERS OR ARE OFFERED AT DISTINCT PRICE POINTS; and

      (f)    DESCRIPTION OF ANY OTHER RELEVANT FACTORS MAKING CONFUSION UNLIKELY, FOR EXAMPLE, LONG-TERM COEXISTENCE OF THE MARKS WITHOUT ACTUAL CONFUSION.

    4.    <u>Further Efforts to Avoid Confusion</u>. Each party agrees that it will not advertise or promote its goods/service under the Marks in a manner that implies that such party or its goods/services are affiliated or connected with the other party or the other party's goods/services.

    5.    <u>Further Assurances</u>. Each of the parties hereto shall execute and deliver such additional documents, instruments, conveyances, and assurances, and take such further actions as may be [reasonably] required to carry out the provisions hereof.]

    6.    <u>Miscellaneous</u>.

      (a)    This Agreement shall be governed by and construed in accordance with the laws of the United States and the internal laws of the State of Texas without giving effect to any choice or conflict of law provision or rule that would cause the application of laws of any jurisdiction other than those of the State of Texas.  Any legal suit, action, or proceeding arising out of or related to this Agreement shall be instituted in the federal

courts of the United States or the courts of the State of Texas in each case located in the city of Dallas and County of Dallas  and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding. Service of process, summons, notice, or other document by mail to such party's address set forth herein shall be effective service of process for any suit, action, or other proceeding brought in any such court.

(b)     This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

(c)     If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

(d)     This Agreement may only be amended, modified, or supplemented by an agreement in writing signed by each party hereto, and any of the terms thereof may be waived only by a written document signed by the party or parties waiving compliance. Except as otherwise set forth in this Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power, or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

(e)     This Agreement may be executed in multiple counterparts and by facsimile signature, each of which shall be deemed an original and all of which together shall constitute one instrument. A signed copy of this Agreement delivered by facsimile, email, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

Applicant: I&I Hair Corporation

By _____

Name: Hyun Han

Title: CEO of I & I Hair Corp

Prior Applicant: Beauty Plus Trading co. Inc.

By _____

Name: Young Hwang

Title: Exec. Director

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

I & I HAIR CORPORATION,

     Plaintiff,

     v.

BEAUTY PLUS TRADING CO., INC. DBA
JANET COLLECTION,

     Defendant.

Civ. No. 3:18-cv-3254-M

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, this action was commenced on December 11, 2018 by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff I & I Hair Corporation ("**Plaintiff**") seeks injunctive relief and monetary damages against defendant Beauty Plus Trading Co., Inc. DBA Janet Collection ("**Defendant**") for infringement of Plaintiff's federally-registered trademark EZBRAID® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Texas.

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,307,824 on the Principal Register in the United States Patent and Trademark Office for the trademark EZBRAID® (hereinafter EZBRAID® Mark").

4.      Plaintiff has used the EZBRAID® Mark in commerce continuously since May 25, 2016 to identify its products and services.

5.      As a result of its widespread, continuous, and exclusive use of the EZBRAID® Mark to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the EZBRAID® Mark.

6.      Plaintiff's EZBRAID® Mark is distinctive to both the consuming public and Plaintiff's trade.

APPENDIX058

7.     As a result of Plaintiff's expenditures and efforts, the EZBRAID® Mark has come to signify the high quality of the goods designated by the EZBRAID® Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

8.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its EZBRAID® Mark, Defendant adopted and began using the EZBRAID® mark and similarly confusing marks in US commerce.

9.     Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff and are likely to dilute the distinctive quality of Plaintiff's EZBRAID® Mark.

10.     Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant and any company directly or indirectly related to Defendant or directly or indirectly related to Defendant's owner Chang Moo Lee are permanently enjoined and restrained from directly or indirectly:

(a)     manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote any goods or services bearing the mark EZBRAID or any other

3

mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's EZBRAID® mark;

(b)     engaging in any activity that infringes Plaintiff's rights in its EZBRAID® mark;

(c)     engaging in any activity constituting unfair competition with Plaintiff;

(d)     engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's EZBRAID® mark;

(e)     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(f)     using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(g)     registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark EZBRAID or any other mark that infringes or is likely to be

4

confused with Plaintiff's EZBRAID® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

   (h)  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph 11(a) through paragraph 11(g).

   11.  Defendant shall file with the court and serve upon Plaintiff's counsel within thirty (30) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

   12.  This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

   13.  If Defendant or any company directly or indirectly related to Chang Moo Lee is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

   14.  The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

   15.  The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

APPENDIX061

**SO ORDERED.**

Dated:_____

 

                                   _____

                                   UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: _Apr 30, 2019_
Location: _Dallas, TX_

                                   **I&I Hair Corporation**

                                   *Shawn Han*

                                   _____

                                   Printed Name: _Hyun Han_
                                   Title: CEO

Dated:_____
Location:_____

                                   **Beauty Plus Trading Co., Inc.**

                                   _____

                                   Printed Name:_____
                                   Title:_____

**AGREED AS TO FORM AND CONTENT:**

Dated: _05/07/2019_

Location: _Dallas, TX_

                                   **Sul Lee Law Firm, PLLC**

                                   /s/ Papool S. Chaudhari

                                   _____
                                   Papool Chaudhari
                                   2560 Royal Lane, Suite 202
                                   Dallas, TX 75229
                                   (214) 206-4064
                                   (214) 206-4068 Fax
                                   pchaudhari@sulleepllc.com
                                   Attorneys for Plaintiff

6

7

**SO ORDERED.**

Dated:_____

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: _____
Location:_____

**I&I Hair Corporation**

_____
Printed Name:_____
Title:_____

Dated: _Apr. 30  '19_
Location: _Moonachie, NJ_

**Beauty Plus Trading Co., Inc.**

_____
Printed Name: _Young Huang_
Title: _Exec. Director_

**AGREED AS TO FORM AND CONTENT:**

Dated: _____
Location:_____

Sul Lee Law

_____
Papool Chaudhari
2560 Royal Lane, Suite 202
Dallas, TX 75229
(214) 206-4064
(214) 206-4068 Fax
pchaudhari@sulleepllc.com
Attorneys for Plaintiff

6

APPENDIX064

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

| | |
|---|---|
| **I & I HAIR CORPORATION,** | |
| Plaintiff, | |
| **v.** | **Civ. No. 3:18-cv-3254-M** |
| **BEAUTY PLUS TRADING CO., INC. DBA JANET COLLECTION,** | |
| Defendant. | |

### *AMENDED* CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, this action was commenced on December 11, 2018 by the filing of the Summons and Complaint;

WHEREAS, in the Complaint, Plaintiff I & I Hair Corporation ("**Plaintiff**") seeks injunctive relief and monetary damages against defendant Beauty Plus Trading Co., Inc. DBA Janet Collection ("**Defendant**") for infringement of Plaintiff's federally-registered trademark EZBRAID® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Texas.

APPENDIX066

WHEREAS, Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,307,824 on the Principal Register in the United States Patent and Trademark Office for the trademark EZBRAID® (hereinafter EZBRAID® Mark").

4.      Plaintiff has used the EZBRAID® Mark in commerce continuously since May 25, 2016 to identify its products and services.

5.      As a result of its widespread, continuous, and exclusive use of the EZBRAID® Mark to identify its goods and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the EZBRAID® Mark.

6.      Plaintiff's EZBRAID® Mark is distinctive to both the consuming public and Plaintiff's trade.

2

APPENDIX067

7.     As a result of Plaintiff's expenditures and efforts, the EZBRAID® Mark has come to signify the high quality of the goods designated by the EZBRAID® Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

8.     Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its EZBRAID® Mark, Defendant adopted and began using the EZBRAID® mark and similarly confusing marks in US commerce.

9.     Defendant's acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's goods and have deceived and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff and are likely to dilute the distinctive quality of Plaintiff's EZBRAID® Mark.

10.     Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant and any company directly or indirectly related to Defendant or directly or indirectly related to Defendant's owner Chang Moo Lee are permanently enjoined and restrained from directly or indirectly:

(a)     manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise, or promote any goods or services bearing the mark EZBRAID or any other

3

APPENDIX068

mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's EZBRAID® mark;

(b)     engaging in any activity that infringes Plaintiff's rights in its EZBRAID® mark;

(c)     engaging in any activity constituting unfair competition with Plaintiff;

(d)     engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's EZBRAID® mark;

(e)     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(f)     using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff or tend to do so;

(g)     registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark EZBRAID or any other mark that infringes or is likely to be

4

confused with Plaintiff's EZBRAID® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

> (h)     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by paragraph ***11(a) through paragraph 11(g)*** 10(a) through paragraph 10(g).

11.     Defendant shall file with the court and serve upon Plaintiff's counsel within thirty (30) days after entry of this Consent Judgment and Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

12.     This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

13.     If Defendant or any company directly or indirectly related to Chang Moo Lee is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

14.     The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

15.     The permanent injunction shall remain in full force and effect unless and until modified by order of this court.

APPENDIX070

*16.    TEXT ITALICIZED AND BOLDED INDICATES MODIFICATIONS MADE BY THE COURT AFTER THE CONSENT JUDGMENT WAS SIGNED BY THE PARTIES AND MADE WITH THE AUTHORITY OF COUNSEL FOR BOTH PARTIES, AS STATED ON THE RECORD AT THE HEARING HELD ON SEPTEMBER 9, 2019.*

APPENDIX071

**SO ORDERED.**

Dated: _9/11/19_

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: _Apr 30, 2019_
Location: _Dallas, TX_

**I&I Hair Corporation**

_Shawn Han_

_____
Printed Name: _Hyun Han_
Title: _CEO_

Dated: _____
Location: _____

**Beauty Plus Trading Co., Inc.**

_____
Printed Name: _____
Title: _____

**AGREED AS TO FORM AND CONTENT:**

Dated: _05/07/2019_
Location: _Dallas, TX_

**Sul Lee Law Firm, PLLC**

/s/ Papool S. Chaudhari
_____
Papool Chaudhari
2560 Royal Lane, Suite 202
Dallas, TX 75229
(214) 206-4064
(214) 206-4068 Fax
pchaudhari@sulleepllc.com
Attorneys for Plaintiff

7

APPENDIX072

**SO ORDERED.**

Dated:_____

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO:**

Dated: _____
Location:_____

**I&I Hair Corporation**

_____
Printed Name:_____
Title:_____

Dated: _Apr 30  '19_
Location: _Moonachie, NJ_

**Beauty Plus Trading Co., Inc.**

_____
Printed Name: _Young  Hwang_
Title: _Exec. Director_

**AGREED AS TO FORM AND CONTENT:**

Dated: _____
Location:_____

Sul Lee Law

_____
Papool Chaudhari
2560 Royal Lane, Suite 202
Dallas, TX 75229
(214) 206-4064
(214) 206-4068 Fax
pchaudhari@sulleepllc.com
Attorneys for Plaintiff

8

APPENDIX073

# EXHIBIT 5



**United States Patent and Trademark Office**

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Apr 16 03:22:22 EDT 2020*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

| Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

# EZ TRESS

| Word Mark | **EZ TRESS** |
| Goods and Services | IC 026. US 037 039 040 042 050. G & S: Hair extensions; Hair pieces; Wigs |
| Standard Characters Claimed | |
| Mark Drawing Code | (4) STANDARD CHARACTER MARK |
| Serial Number | 88247544 |
| Filing Date | January 2, 2019 |
| Current Basis | 1B |
| Original Filing Basis | 1B |
| Published for Opposition | May 28, 2019 |
| Owner | (APPLICANT) Beauty Plus Trading Co., Inc. CORPORATION NEW JERSEY 210 West Commercial Avenue Moonachie NEW JERSEY 07074 |
| Attorney of Record | Richard M. Goldberg |
| Disclaimer | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TRESS" APART FROM THE MARK AS SHOWN |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT 6

| | |
|---|---|
| **To:** | Beauty Plus Trading Co., Inc. (goldbergpat@earthlink.net) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 88247544 - EZ TRESS - 574/3/085 |
| **Sent:** | 3/27/2019 5:23:28 PM |
| **Sent As:** | ECOM107@USPTO.GOV |
| **Attachments:** | Attachment - 1 |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION
SERIAL NO.** 88247544

**MARK:** EZ TRESS

# *88247544*

**CORRESPONDENT
ADDRESS:**
    RICHARD M.
GOLDBERG
    RICHARD M.
GOLDBERG
    25 EAST SALEM
STREET
    SUITE 419
    HACKENSACK, NJ
07601
**APPLICANT:** Beauty
Plus Trading Co., Inc.

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
    574/3/085
**CORRESPONDENT E-
MAIL ADDRESS:**

goldbergpat@earthlink.net

**CLICK HERE TO RESPOND TO THIS
LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

# OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S
COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE
TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE
MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 3/27/2019**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to
the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

The trademark examining attorney has searched the Office's  database of registered and pending marks and has found no conflicting marks that
would bar registration under Trademark Act Section 2(d).  TMEP §704.02; *see* 15 U.S.C. §1052(d).

APPENDIX077

Applicant is encouraged to call or email the assigned trademark examining attorney below to resolve the issues in this Office action. Although the USPTO will not accept an email as a response to an Office action, an applicant can communicate by phone or email to agree to a proposed amendment to the application that will immediately place the application in condition for publication, registration, or suspension. *See* 37 C.F.R. §2.62(c); TMEP §707.

**SUMMARY OF ISSUES**
- Disclaimer Required

**DISCLAIMER REQUIRED**

Applicant must disclaim the wording "TRESS" because it merely describes an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's goods and/or services, and thus is an unregistrable component of the mark. *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012) (quoting *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173, 71 USPQ2d 1370, 1371 (Fed. Cir. 2004)); TMEP §§1213, 1213.03(a).

The attached dictionary definition shows this wording is defined as "a long lock of hair". Thus, this wording describes a characteristic of applicant's false hair products, that is, that they contain or are formed by long locks of hair.

An applicant may not claim exclusive rights to terms that others may need to use to describe their goods and/or services in the marketplace. *See Dena Corp. v. Belvedere Int'l, Inc.*, 950 F.2d 1555, 1560, 21 USPQ2d 1047, 1051 (Fed. Cir. 1991); *In re Aug. Storck KG*, 218 USPQ 823, 825 (TTAB 1983). Therefore, a disclaimer of this wording is required.

A disclaimer of unregistrable matter does not affect the appearance of the mark; that is, a disclaimer does not physically remove the disclaimed matter from the mark. *See Schwarzkopf v. John H. Breck, Inc.*, 340 F.2d 978, 978, 144 USPQ 433, 433 (C.C.P.A. 1965); TMEP §1213.

If applicant does not provide the required disclaimer, the USPTO may refuse to register the entire mark. *See In re Stereotaxis Inc.*, 429 F.3d 1039, 1040-41, 77 USPQ2d 1087, 1088-89 (Fed. Cir. 2005); TMEP §1213.01(b).

Applicant should submit a disclaimer in the following standardized format:

> **No claim is made to the exclusive right to use "TRESS" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to satisfy this disclaimer requirement online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/disclaimer.jsp.

**CONTACTING THE EXAMINING ATTORNEY**

If applicant has questions about the nature of the refusal(s) or requirement(s) in the Office action, applicant may email or call the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney is not permitted to provide legal advice or statements about applicant's rights. *See* TMEP §§705.02, 709.06

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

/Diane Collopy/
Examining Attorney
Law Office 107
diane.collopy@uspto.gov (informal communications only)

APPENDIX078

(571) 270-3118

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.



| | |
|---|---|
| **To:** | Beauty Plus Trading Co., Inc. (goldbergpat@earthlink.net) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 88247544 - EZ TRESS - 574/3/085 |
| **Sent:** | 3/27/2019 5:23:37 PM |
| **Sent As:** | ECOM107@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
ON **3/27/2019** FOR U.S. APPLICATION SERIAL NO. 88247544

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period.  Your response deadline will be calculated from **3/27/2019** (*or sooner if specified in the Office action*).  A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period.  For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions.  Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney.  For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.**  For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp**.**

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations.  These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."  For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# EXHIBIT 7

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Tuesday, May 28, 2019 00:55 AM |
| **To:** | goldbergpat@earthlink.net |
| **Subject:** | Official USPTO Notice of Publication Confirmation: U.S. Trademark SN 88247544: EZ TRESS: Docket/Reference No. 574/3/085 |

### *TRADEMARK OFFICIAL GAZETTE* PUBLICATION CONFIRMATION

**U.S. Serial Number:** 88247544
**Mark:** EZ TRESS
**International Class(es):** 026
**Owner:** Beauty Plus Trading Co., Inc.
**Docket/Reference Number:** 574/3/085

The mark identified above has been published in the Trademark Official Gazette (TMOG) on May 28, 2019.

**To Review the Mark in the TMOG:**

Click on the following link or paste the URL into an internet browser: https://tmog.uspto.gov/#issueDate=2019-05-28&serialNumber=88247544

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the TMOG for accuracy.  If any information is incorrect due to USPTO error, the applicant should immediately email the requested correction to TMPostPubQuery@uspto.gov.  For applicant corrections or amendments after publication, please file a post publication amendment using the form available at http://teasroa.uspto.gov/ppa/.  For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**Significance of Publication for Opposition:**

*    Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board.  If no party files an opposition or extension request within thirty (30) days after the publication date, then eleven (11) weeks after the publication date a notice of allowance (NOA) should issue. (Note: The applicant must file a complete Statement of Use or Extension Request with the required fees within six (6) months after the NOA issues to avoid abandonment of the application.)

To check the status of the application, go to http://tsdr.uspto.gov/#caseNumber=88247544&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199.  Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to http://tsdr.uspto.gov/#caseNumber=88247544&caseType=SERIAL_NO&searchType=documentSearch.  NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.

APPENDIX083

# EXHIBIT 8

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Tuesday, July 23, 2019 00:11 AM |
| **To:** | goldbergpat@earthlink.net |
| **Subject:** | Official USPTO Notice of Allowance: U.S. Trademark SN 88247544: EZ TRESS: Docket/Reference No. 574/3/085 |

NOTICE OF ALLOWANCE (NOA)

ISSUE DATE: Jul 23, 2019

**U.S. Serial Number:**  88247544
**Mark:**  EZ TRESS
**Docket/Reference Number:**  574/3/085

No opposition was filed for this published application. **The issue date of this NOA establishes the due date for the filing of a Statement of Use (SOU) or a Request for Extension of Time to file a Statement of Use (Extension Request).  WARNING: An SOU that meets all legal requirements must be filed before a registration certificate can issue.  Please read below for important information regarding the applicant's pending six (6) month deadline.**

**SIX (6)-MONTH DEADLINE: Applicant has six (6) MONTHS from the NOA issue date to file either:**
- An SOU, if the applicant is using the mark in commerce (required even if the applicant was using the mark at the time of filing the application, if use basis was not specified originally);  **OR**
- An Extension Request, if the applicant is not yet using the mark in commerce.  If an Extension Request is filed, a new request must be filed every six (6) months until the SOU is filed.  The applicant may file a total of five (5) extension requests.  **WARNING:** An SOU may **not** be filed more than thirty-six (36) months from when the NOA issued.  The deadline for filing is always calculated from the issue date of the NOA.

**How to file SOU and/or Extension Request:**
Use the Trademark Electronic Application System (TEAS).  Do **NOT** reply to this e-mail, as e-mailed filings will **NOT** be processed.  Both the SOU and Extension Request have many legal requirements, including fees and verified statements; therefore, please use the USPTO forms available online at https://www.uspto.gov/trademarks-application-process/filing-online (under the "INTENT-TO-USE (ITU) FORMS" category) to avoid the possible omission of required information.  If you have questions about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

For information on how to (1) divide an application; (2) delete goods/services (or entire class) with a Section 1(b) basis; or (3) change filing basis, see https://www.uspto.gov/trademarks-getting-started/process-overview/additional-information-post-notice-allowance-process.

**FAILURE TO FILE A REQUIRED DOCUMENT OUTLINED ABOVE DURING THE APPROPRIATE TIME PERIOD WILL RESULT IN THE ABANDONMENT OF THIS APPLICATION.**

**REVIEW APPLICATION INFORMATION FOR ACCURACY**

If you believe this NOA should not have issued or correction of the information shown below is needed, you must submit a request to the Intent-to-Use Unit.  Please use the "Post-Publication Amendment" form under the "POST-APPROVAL/PUBLICATION/POST NOTICE OF ALLOWANCE (NOA) AMENDMENT FORMS" category, available at https://www.uspto.gov/trademarks-application-process/filing-online/post-approvalpublicationpost-notice-allowance-noa.  Do **NOT** reply to this e-mail, as e-mailed filings will NOT be processed.

| | |
|---|---|
| **Serial Number:** | 88247544 |
| **Mark:** | EZ TRESS |
| **Docket/Reference Number:** | 574/3/085 |
| **Owner:** | Beauty Plus Trading Co., Inc. |
| | 210 West Commercial Avenue |
| | Moonachie , NEW JERSEY   07074 |
| **Correspondence Address:** | RICHARD M. GOLDBERG |
| | RICHARD M. GOLDBERG |
| | 25 EAST SALEM STREET |
| | SUITE 419 |
| | HACKENSACK, NJ 07601 |

This application has the following bases, but not necessarily for all listed goods/services:

Section 1(a): NO              Section 1(b): YES              Section 44(e): NO

**GOODS/SERVICES BY INTERNATIONAL CLASS**

026 -         Hair extensions; Hair pieces; Wigs -- FIRST USE DATE: NONE; -- USE IN COMMERCE DATE: NONE

**ALL OF THE GOODS/SERVICES IN EACH CLASS ARE LISTED.**

**Appropriate Specimens for Goods and/or Services:** A trademark specimen should be a label, tag, or container for the goods, or a display associated with the goods. See TMEP §§904.03 et seq. A service mark specimen should be an advertisement, sign, brochure, website printout or other image that shows the mark used in the actual sale or advertising of the services. See TMEP §§1301.04 et seq. For an instructional video on what is an appropriate trademark or service mark specimen for a good and/or service, click here.

**Fraudulent statements may result in registration being cancelled:** Applicants must ensure that statements made in filings to the USPTO are accurate, as inaccuracies may result in the cancellation of any issued trademark registration.  The lack of a bona fide intention to use the mark with ALL goods and/or services listed in an application or the lack of actual use on all goods and/or services for which use is claimed could jeopardize the validity of the registration, possibly resulting in its cancellation.

APPENDIX085

**Additional information:** For information on filing and maintenance requirements for U.S. trademark applications and registrations and required fees, please consult the USPTO website at https://www.uspto.gov or call the Trademark Assistance Center at 1-800-786-9199.

**Checking status:** To check the status of this application, go to https://tsdr.uspto.gov/#caseNumber=88247544&caseSearchType=US_APPLICATION&caseType=SERIAL_NO&searchType=statusSearch  or contact the Trademark Assistance Center at 1-800-786-9199.  Please check the status of any application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to https://tsdr.uspto.gov/#caseNumber=88247544&caseSearchType=US_APPLICATION&caseType=SERIAL_NO&searchType=documentSearch.  NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

APPENDIX086

# EXHIBIT 9

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Saturday, January 11, 2020 00:34 AM |
| **To:** | goldbergpat@earthlink.net |
| **Subject:** | Official USPTO Notice of Approval of Extension Request: U.S. Trademark SN 88247544: EZ TRESS: Docket/Reference No. 574/3/085 |

NOTICE OF APPROVAL OF EXTENSION REQUEST

**U.S. Serial Number:** 88247544
**Mark:** EZ TRESS
**Owner:** Beauty Plus Trading Co., Inc.
**Extension Request Number:** 1
**Docket/Reference Number:** 574/3/085
**Notice of Allowance Date:** Jul 23, 2019

The USPTO issued a Notice of Allowance on **Jul 23, 2019** for the trademark application identified above. Applicant's **FIRST** request for Extension of Time to File a Statement of Use has been **GRANTED**. If you are currently using the mark in commerce, please visit http://www.uspto.gov/trademarks/teas/intent_to_use.jsp and select form number 1 ("Statement of Use/Amendment to Allege Use for Intent-to-Use Application") to file your statement of use and complete the registration process.

**PLEASE NOTE:**

1. Applicant must continue to file extension requests every six (6) months calculated from the date the Notice of Allowance was issued until a Statement of Use is filed, or the USPTO will abandon the application.
2. Applicant may only request a total of five (5) extensions of time.
3. Applicant may **NOT** file a Statement of Use more than thirty-six (36) months from the date the Notice of Allowance was issued.

To check the status of the application, go to http://tsdr.uspto.gov/#caseNumber=88247544&caseType=SERIAL_NO&searchType=statusSearch or contact the Trademark Assistance Center at 1-800-786-9199. Please check the status of the application at least every three (3) months after the application filing date.

To view this notice and other documents for this application on-line, go to http://tsdr.uspto.gov/#caseNumber=88247544&caseType=SERIAL_NO&searchType=documentSearch. NOTE: This notice will only become available on-line the next business day after receipt of this e-mail.

For further information on filing a Statement of Use or an additional extension request, if applicable, please consult the USPTO website at http://www.uspto.gov/trademarks/, view the video on the USPTO website entitled "Statement of Use" (click on "TMIN Trademark Information Network" to view a list of available videos), or contact the Trademark Assistance Center at 1-800-786-9199.

APPENDIX088

# EXHIBIT 10

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 88305635**
**Filing Date: 02/18/2019**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT17\IMAGEOUT 17\883\056\88305635\xml1\ FTK0002.JPG |
| *SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| LITERAL ELEMENT | EZBRAID |
| *COLOR MARK | NO |
| *COLOR(S) CLAIMED (If applicable) | |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of "EZBRAID" in double striped font. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 944 x 272 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | I&I Hair Corp |
| *STREET | 2205 Royal Lane |
| *CITY | Dallas |
| *STATE (Required for U.S. applicants) | Texas |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 75229 |
| PHONE | 469-557-1230 x5 |
| FAX | 9726856611 |
| EMAIL ADDRESS | info@iandihair.com |
| WEBSITE ADDRESS | http://www.iandihair.com |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| *TYPE | CORPORATION |
| * STATE/COUNTRY OF INCORPORATION | Texas |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| *INTERNATIONAL CLASS | 026 |
| *IDENTIFICATION | Braids; Hair extensions; Synthetic braiding hair; Wigs; Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/20/2016 |
| FIRST USE IN COMMERCE DATE | At least as early as 10/25/2016 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT17\IMAGEOUT 17\883\056\88305635\xml1\ FTK0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT 17\883\056\88305635\xml1\ FTK0004.JPG |
| SPECIMEN DESCRIPTION | product packaging, amazon sale page |

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| DISCLAIMER | No claim is made to the exclusive right to use braid apart from the mark as shown. |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Sul Lee |
| FIRM NAME | Law Office of Sul Lee PLLC |
| STREET | 2560 Royal Lane Suite 202 |
| CITY | Dallas |
| STATE | Texas |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 75229 |
| PHONE | 214-206-4064 |
| FAX | 2142064068 |
| EMAIL ADDRESS | sul@sulleelaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| | |

| *NAME | Sul Lee |
|---|---|
| FIRM NAME | Law Office of Sul Lee PLLC |
| *STREET | 2560 Royal Lane Suite 202 |
| *CITY | Dallas |
| *STATE <br> (Required for U.S. addresses) | Texas |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 75229 |
| PHONE | 214-206-4064 |
| FAX | 2142064068 |
| *EMAIL ADDRESS | sul@sulleelaw.com; hlee@sulleelaw.com; filing@sulleelaw.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /Sul Lee/ |
| * SIGNATORY'S NAME | Sul Lee |
| * SIGNATORY'S POSITION | Attorney of record, Texas bar member |
| SIGNATORY'S PHONE NUMBER | 214-206-4064 |
| * DATE SIGNED | 02/18/2019 |

APPENDIX092

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 88305635**
**Filing Date: 02/18/2019**

## To the Commissioner for Trademarks:

**MARK:** EZBRAID (stylized and/or with design, see mark)

The mark in your application is EZBRAID.
The applicant is not claiming color as a feature of the mark. The mark consists of "EZBRAID" in double striped font.
The applicant, I&I Hair Corp, a corporation of Texas, having an address of
    2205 Royal Lane
    Dallas, Texas 75229
    United States
    469-557-1230 x5(phone)
    9726856611(fax)
    info@iandihair.com (not authorized)

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 026: Braids; Hair extensions; Synthetic braiding hair; Wigs; Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair

Use in Commerce: The applicant is using the mark in commerce on or in connection with the identified goods/services. The applicant attaches, or will later submit, one specimen as a JPG/PDF image file showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, regardless of whether the mark itself is in the standard character format or is a stylized or design mark. The specimen image file may be in color, and the image must be in color if color is being claimed as a feature of the mark.

In International Class 026, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/20/2016, and first used in commerce at least as early as 10/25/2016, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) product packaging, amazon sale page.
Specimen File1
Specimen File2

**Disclaimer**
No claim is made to the exclusive right to use braid apart from the mark as shown.

For informational purposes only, applicant's website address is: http://www.iandihair.com
The applicant's current Attorney Information:
    Sul Lee of Law Office of Sul Lee PLLC     2560 Royal Lane Suite 202
    Dallas, Texas 75229
    United States
    214-206-4064(phone)
    2142064068(fax)
    sul@sulleelaw.com (authorized)

The applicant's current Correspondence Information:

Sul Lee

Law Office of Sul Lee PLLC

2560 Royal Lane Suite 202

Dallas, Texas 75229

214-206-4064(phone)

2142064068(fax)

sul@sulleelaw.com;hlee@sulleelaw.com;filing@sulleelaw.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or the applicant's attorney, or the applicant's domestic representative at the e-mail address provided in this application. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in the loss of TEAS Plus status and a requirement to submit an additional processing fee of $125 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

☑ **Basis:**
  **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

  - The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
  - The mark is in use in commerce on or in connection with the goods/services in the application;
  - The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

  **AND/OR**
  **If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

  - The signatory believes that the applicant is entitled to use the mark in commerce;
  - The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
  - To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Sul Lee/   Date: 02/18/2019

Signatory's Name: Sul Lee

Signatory's Position: Attorney of record, Texas bar member

Signatory's Phone Number: 214-206-4064

Payment Sale Number: 88305635

Payment Accounting Date: 02/19/2019

Serial Number: 88305635

Internet Transmission Date: Mon Feb 18 13:53:11 EST 2019

TEAS Stamp: USPTO/FTK-XX.XXX.XXX.XXX-201902181353113

80915-88305635-620b0d959fac54bb1cea33d32

179cbb41b7347cb55c1e22edf376959aaa298-CC

-12063-20190218134559693947

# EZBRAID



Innocence EZBRAID (PRE-STRETCHED BRAID - #T1B/900 Off Black/Burgundy) 20" - 8 Packs, Braiding Hair Made with Itch Free Antibacterial Fiber, The most Human Hair Like Product on the Market by Innocence

★★★★☆ ▾ | 147 customer reviews | 53 answered questions





Price: **$26.66** & **FREE Shipping**. Details

**Note:** Available at a lower price from other sellers that may not offer free Prime shipping.

Only 18 left in stock - order soon. Sold by Isales beauty and **Fulfilled by Amazon**. Gift-wrap available.

This item is returnable ▾

**33 Colors: #T1B/900 Off Black/Burgundy**



| | | |
|---|---|---|
| $25.95 | $17.00 | $26.66 | ··· |

**Want it tomorrow, Feb. 16?** Order within **23 mins** and choose **Saturday Delivery** at checkout. Details

☐ Yes, I want **FREE Two-Day Shipping** with Amazon Prime

📍 Deliver to Dallas 75243

Qty: 1 ▾    Turn on 1-click ordering

[ Add to Cart ]

[ Buy Now ]

[ Add to List ]

**About the product**
- Braiding hair made with itch free patented 99.9% antibacterial fiber

# EXHIBIT 11

APPENDIX098

| To: | I&I Hair Corp (sul@sulleelaw.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 88305635 - EZBRAID - N/A |
| Sent: | 5/8/2019 4:01:51 PM |
| Sent As: | ECOM125@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION
SERIAL NO.** 88305635

**MARK:** EZBRAID

# *88305635*

**CORRESPONDENT
ADDRESS:**
    SUL LEE

LAW OFFICE OF
SUL LEE PLLC

    2560 ROYAL LANE
SUITE 202

    DALLAS, TX 75229

**CLICK HERE TO RESPOND TO THIS
LETTER:**

http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** I&I Hair Corp

**CORRESPONDENT'S
REFERENCE/DOCKET
NO:**
    N/A

**CORRESPONDENT E-
MAIL ADDRESS:**
    sul@sulleelaw.com

## OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.  A RESPONSE TRANSMITTED THROUGH THE TRADEMARK ELECTRONIC APPLICATION SYSTEM (TEAS) MUST BE RECEIVED BEFORE MIDNIGHT **EASTERN TIME** OF THE LAST DAY OF THE RESPONSE PERIOD.

**ISSUE/MAILING DATE: 5/8/2019**

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

<u>SUMMARY OF ISSUES</u>:

- Prior-Filed Application
- Section 2(d) Refusal – Likelihood of Confusion
- Ownership of Cited Registration
- Unnecessary Disclaimer

<u>PRIOR-FILED APPLICATION</u>

The filing date of pending U.S. Application Serial No. 88247544 precedes applicant's filing date.  See attached referenced application.  If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks.  *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.*  Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application.  Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

<u>SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION</u>

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 5307824.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the attached registration.

Applicant's mark is EZBRAID, in stylized format, for goods identified as "Braids; Hair extensions; Synthetic braiding hair; Wigs; Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair".

Registrant's mark is EZBRAID, in standard characters, for goods identified as "Wigs".

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties.  *See* 15 U.S.C. §1052(d).  Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors").  *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017).  Only those factors that are "relevant and of record" need be considered.  *M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1382, 78 USPQ2d 1944, 1947 (Fed. Cir. 2006) (citing *Shen Mfg. Co. v. Ritz Hotel Ltd.*, 393 F.3d 1238, 1241, 73 USPQ2d 1350, 1353 (Fed. Cir. 2004)); *see In re Inn at St. John's, LLC* , 126 USPQ2d 1742, 1744 (TTAB 2018).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis:  (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services.  *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

APPENDIX100

<u>Comparison of the Marks</u>

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar."  *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)); TMEP §1207.01(b).

Here, the literal element of both of the marks in question are composed entirely of the shared wording "EZBRAID".  Marks may be confusingly similar in appearance where similar terms or phrases or similar parts of terms or phrases appear in the compared marks and create a similar overall commercial impression.  *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689, 690-91 (TTAB 1986), *aff'd sub nom. Canadian Imperial Bank of Commerce v. Wells Fargo Bank, Nat'l Ass'n*, 811 F.2d 1490, 1495, 1 USPQ2d 1813, 1817 (Fed. Cir. 1987) (finding COMMCASH and COMMUNICASH confusingly similar); *In re Corning Glass Works*, 229 USPQ 65, 66 (TTAB 1985) (finding CONFIRM and CONFIRMCELLS confusingly similar); *In re Pellerin Milnor Corp.*, 221 USPQ 558, 560 (TTAB 1983) (finding MILTRON and MILLTRONICS confusingly similar); TMEP §1207.01(b)(ii)-(iii).  Thus, consumers are likely to focus on the shared wording "EZBRAID" when requesting each party's goods.   The marks are also similar in appearance, sound and connotation as a result of this shared term.

Further, the stylization present in the applied-for mark, but absent from the registered mark, is insufficient to obviate this likelihood of confusion, as the registered mark is presented in standard characters.  A mark in typed or standard characters may be displayed in any lettering style; the rights reside in the wording or other literal element and not in any particular display or rendition.  *See In re Viterra Inc.*, 671 F.3d 1358, 1363, 101 USPQ2d 1905, 1909 (Fed. Cir. 2012); *In re Mighty Leaf Tea*, 601 F.3d 1342, 1348, 94 USPQ2d 1257, 1260 (Fed. Cir. 2010); 37 C.F.R. §2.52(a); TMEP §1207.01(c)(iii).  Thus, a mark presented in stylized characters and/or with a design element generally will not avoid likelihood of confusion with a mark in typed or standard characters because the word portion could be presented in the same manner of display.  *See, e.g.*, *In re Viterra Inc.*, 671 F.3d at 1363, 101 USPQ2d at 1909; *Squirtco v. Tomy Corp.*, 697 F.2d 1038, 1041, 216 USPQ 937, 939 (Fed. Cir. 1983) (stating that "the argument concerning a difference in type style is not viable where one party asserts rights in no particular display").  Thus, the registered mark may be presented in any stylization, including one confusingly similar to that of the applied-for mark

Thus, a consumer familiar with registrant's mark used on goods such as "Wigs"  (further discussion below), upon encountering applicant's mark used on applicant's goods, is likely to believe the marks emanate from a common source. Therefore, the marks are confusingly similar.

<u>Comparison of the Goods</u>

The compared goods and/or services need not be identical or even competitive to find a likelihood of confusion.  *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i).  They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source."  *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

When analyzing an applicant's and registrant's goods and/or services for similarity and relatedness, that determination is based on the description of the goods and/or services in the application and registration at issue, not on extrinsic evidence of actual use.  *See Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1323, 110 USPQ2d 1157, 1162 (Fed. Cir. 2014) (quoting *Octocom Sys. Inc. v. Hous. Computers Servs. Inc.*, 918 F.2d 937, 942, 16 USPQ2d 1783, 1787 (Fed. Cir. 1990)).

In this case, the goods in the application and registration are identical, to the extent that applicant's identification of goods includes the wording "Wigs[,]"  which is the entirety of registrant's  identification.  Therefore, it is presumed that the channels of trade and class(es) of purchasers are the same for these goods and/or services.  *See Cai v. Diamond Hong, Inc.*, __ F.3d __, 27 USPQ2d 1797, 1801 (Fed. Cir. 2018) (quoting *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012)).  Thus, applicant's and registrant's goods are related.

Thus, a consumer familiar with registrant's  mark used on registrant's  goods, upon encountering applicant's  mark on applicant's goods, is likely to mistakenly believe that the goods emanate from a common source.  Therefore, the marks are confusingly similar.

Although applicant's  mark has been refused registration, applicant may respond to the refusal by submitting evidence and arguments in support of registration.

APPENDIX101

If applicant responds to the refusal, applicant must also respond to the requirements set forth below.

OWNERSHIP OF CITED REGISTRATION

If the mark in the cited registration is owned by applicant, applicant may provide evidence of ownership of the mark by satisfying one of the following:

(1)    Record the assignment with the USPTO's  Assignment Recordation Branch (ownership transfer documents such as assignments can be filed online at http://etas.uspto.gov) and promptly notify the trademark examining attorney that the assignment has been duly recorded.

(2)    Submit copies of documents evidencing the chain of title.

(3)    Submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20:  "**Applicant is the owner of U.S. Registration No. 5307824.**"   To provide this statement using the Trademark Electronic Application System (TEAS), use the "Response to Office Action" form; answer "yes"  to wizard questions #3 and #10; then, continuing on to the next portion of the form, in the "Additional Statement(s)" section, find "Active Prior Registration(s)"  and insert the U.S. registration numbers in the data fields; and follow the instructions within the form for signing.  The form must be signed twice; a signature is required both in the "Declaration Signature" section and in the "Response Signature" section.

TMEP §812.01; *see* 15 U.S.C. §1060; 37 C.F.R. §§2.193(e)(1), 3.25, 3.73(a)-(b); TMEP §502.02(a).

Recording a document with the Assignment Recordation Branch does not constitute a response to an Office action.  TMEP §503.01(d).

UNNECESSARY DISCLAIMER

The application includes a disclaimer of the following matter in the applied-for mark:  "BRAID".   An applicant may voluntarily disclaim matter in a mark regardless of whether the matter is registrable.  TMEP §1213.01(c); *see* 15 U.S.C. §1056(a).  However, a disclaimer of this matter is not required, as this descriptive wording is part of a unitary phrase.

Therefore, applicant may request to withdraw this disclaimer from the application.  If applicant does not expressly request its withdrawal, the disclaimer will remain in the application and will be printed on the registration certificate.

RESPONSE OPTIONS

Please call or email the assigned trademark examining attorney with questions about this Office action.  Although the trademark examining attorney cannot provide legal advice or statements about applicant's  rights, the trademark examining attorney can provide applicant with additional explanation about the refusal(s) and/or requirement(s) in this Office action.  *See* TMEP §§705.02, 709.06.  Although the USPTO does not accept emails as responses to Office actions, emails can be used for informal communications and will be included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $125 per class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone or e-mail without incurring this additional fee.

/Justin Berlin/

Justin Berlin

Trademark Examining Attorney

Law Office 125

(571) 272-5544

justin.berlin@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

APPENDIX103

**Print: May 8, 2019** **87113273**

**DESIGN MARK**

**Serial Number**
87113273

**Status**
REGISTERED

**Word Mark**
EZBRAID

**Standard Character Mark**
Yes

**Registration Number**
5307824

**Date Registered**
2017/10/10

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
I & I Hair SOLE PROPRIETORSHIP TEXAS 2205 Royal Lane Dallas TEXAS
75229

**Goods/Services**
Class Status -- ACTIVE.  IC 026.  US  037 039 040 042 050.  G & S:
Wigs.  First Use: 2016/07/20.  First Use In Commerce: 2017/05/26.

**Filing Date**
2016/07/22

**Examining Attorney**
CARROLL, DORITT L.

**-1-**

# EZBRAID

**Print: May 8, 2019**                     **88247544**                     **Issue: May 28, 2019**

**DESIGN MARK**

**Serial Number**
88247544

**Status**
PUBLICATION/ISSUE REVIEW COMPLETE

**Word Mark**
EZ TRESS

**Standard Character Mark**
Yes

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Beauty Plus Trading Co., Inc. CORPORATION NEW JERSEY 210 West
Commercial Avenue Moonachie NEW JERSEY 07074

**Goods/Services**
Class Status -- ACTIVE.  IC 026.  US  037 039 040 042 050.  G & S:
Hair extensions; Hair pieces; Wigs.

**Disclaimer Statement**
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TRESS" APART FROM THE
MARK AS SHOWN.

**Filing Date**
2019/01/02

**Examining Attorney**
COLLOPY, DIANE

**Attorney of Record**
Richard M. Goldberg

APPENDIX106

# EZ TRESS

| To: | I&I Hair Corp (sul@sulleelaw.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 88305635 - EZBRAID - N/A |
| Sent: | 5/8/2019 4:01:56 PM |
| Sent As: | ECOM125@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED

ON **5/8/2019** FOR U.S. APPLICATION SERIAL NO. 88305635

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **5/8/2019** (*or sooner if specified in the Office action*). A response transmitted through the Trademark Electronic Application System (TEAS) must be received before midnight **Eastern Time** of the last day of the response period. For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the TEAS response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that

APPENDIX108

closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."


Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All <u>official</u> USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# EXHIBIT 12

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

# Response to Office Action

---

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88305635 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 125 |
| **MARK SECTION** | |
| **MARK FILE NAME** | https://tmng-al.uspto.gov/resting2/api/img/88305635/large |
| **LITERAL ELEMENT** | EZBRAID |
| **STANDARD CHARACTERS** | NO |
| **USPTO-GENERATED IMAGE** | NO |
| **COLOR(S) CLAIMED** (If applicable) | Color is not claimed as a feature of the mark. |
| **DESCRIPTION OF THE MARK** (and Color Location, if applicable) | The mark consists of "EZBRAID" in double striped font. |
| **ADDITIONAL STATEMENTS SECTION** | |
| **ACTIVE PRIOR REGISTRATION(S)** | The applicant claims ownership of active prior U.S. Registration Number(s) 5307824. |
| **MISCELLANEOUS STATEMENT** | Applicant request to withdraw the disclaimer of "Braid" from the applicaiton. In addition, The applicant provide evidence of ownership of the mark cited in the office action. |
| **MISCELLANEOUS FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | mis-666439126-20191031154343272773_._20190816_Trademark_Assignment_Agreement__1_.pdf |
| **CONVERTED PDF FILE(S)** (5 pages) | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0002.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0003.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0004.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0005.JPG |
| | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0006.JPG |
| **ORIGINAL PDF FILE** | mis-666439126-20191031154343272773_._20190826_NOTICE_OF_RECORDATION_OF_ASSIGNMENT_DOCUMEN |
| **CONVERTED PDF FILE(S)** (1 page) | \\TICRS\EXPORT17\IMAGEOUT17\883\056\88305635\xml4\ROA0007.JPG |

**ATTORNEY SECTION (current)**

APPENDIX111

| NAME | Sul Lee |
|---|---|
| ATTORNEY BAR MEMBERSHIP NUMBER | NOT SPECIFIED |
| YEAR OF ADMISSION | NOT SPECIFIED |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | NOT SPECIFIED |
| FIRM NAME | LAW OFFICE OF SUL LEE PLLC |
| STREET | 2560 ROYAL LANE SUITE 202 |
| CITY | DALLAS |
| STATE | Texas |
| POSTAL CODE | 75229 |
| COUNTRY | US |
| PHONE | 214-206-4064 |
| FAX | 2142064068 |
| EMAIL | sul@sulleelaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

**ATTORNEY SECTION (proposed)**

| NAME | Sul Lee |
|---|---|
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Sul Lee Law Firm, PLLC. |
| STREET | 3030 Lyndon B Johnson Fwy, Suite 1130 |
| CITY | Dallas |
| STATE | Texas |
| POSTAL CODE | 75234 |
| COUNTRY | United States |
| PHONE | 214-206-4064 |
| FAX | 214-206-4068 |
| EMAIL | sul@sulleelaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

**CORRESPONDENCE SECTION (current)**

| NAME | SUL LEE |
|---|---|

APPENDIX112

| FIRM NAME | LAW OFFICE OF SUL LEE PLLC |
|---|---|
| STREET | 2560 ROYAL LANE SUITE 202 |
| CITY | DALLAS |
| STATE | Texas |
| POSTAL CODE | 75229 |
| COUNTRY | US |
| PHONE | 214-206-4064 |
| FAX | 2142064068 |
| EMAIL | sul@sulleelaw.com; hlee@sulleelaw.com; filing@sulleelaw.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE SECTION (proposed)

| NAME | Sul Lee |
|---|---|
| FIRM NAME | Sul Lee Law Firm, PLLC. |
| STREET | 3030 Lyndon B Johnson Fwy, Suite 1130 |
| CITY | Dallas |
| STATE | Texas |
| POSTAL CODE | 75234 |
| COUNTRY | United States |
| PHONE | 214-206-4064 |
| FAX | 214-206-4068 |
| EMAIL | sul@sulleelaw.com; filing@sulleepllc.com; cjung@sulleepllc.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## SIGNATURE SECTION

| DECLARATION SIGNATURE | /Sul Lee/ |
|---|---|
| SIGNATORY'S NAME | Sul Lee |
| SIGNATORY'S POSITION | Attorney of record, Texas Bar member |
| SIGNATORY'S PHONE NUMBER | 2142064064 |
| DATE SIGNED | 10/31/2019 |
| RESPONSE SIGNATURE | /Sul Lee/ |
| SIGNATORY'S NAME | Sul Lee |
| SIGNATORY'S POSITION | Attorney of record, Texas bar member |
| SIGNATORY'S PHONE NUMBER | 2142064064 |

APPENDIX113

| | |
|---|---|
| **DATE SIGNED** | 10/31/2019 |
| **AUTHORIZED SIGNATORY** | YES |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Thu Oct 31 17:04:36 EDT 2019 |
| **TEAS STAMP** | USPTO/ROA-XX.XX.XX.XXX-20 191031170436742606-883056 35-70042b7ac8f6ce9cb94cb3 451d11559a34c654919e7af43 264d496b5caa17e0-N/A-N/A-20191031165919904971 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1957 (Rev 10/2011)
OMB No. 0651-0050 (Exp 09/20/2020)

## Response to Office Action

### To the Commissioner for Trademarks:

Application serial no. **88305635** EZBRAID (Stylized and/or with Design, see https://tmng-al.uspto.gov/resting2/api/img/88305635/large) has been amended as follows:

The applicant's current attorney information: Sul Lee. Sul Lee of LAW OFFICE OF SUL LEE PLLC, is located at

> 2560 ROYAL LANE SUITE 202
> DALLAS, Texas 75229
> US

The phone number is 214-206-4064.

The fax number is 2142064068.

The email address is sul@sulleelaw.com

The applicants proposed attorney information: Sul Lee. Sul Lee of Sul Lee Law Firm, PLLC., is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at

> 3030 Lyndon B Johnson Fwy, Suite 1130
> Dallas, Texas 75234
> United States

The phone number is 214-206-4064.

The fax number is 214-206-4068.

The email address is sul@sulleelaw.com

Sul Lee submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.

The applicant's current correspondence information: SUL LEE. SUL LEE of LAW OFFICE OF SUL LEE PLLC, is located at

> 2560 ROYAL LANE SUITE 202
> DALLAS, Texas 75229

APPENDIX114

US

The phone number is 214-206-4064.

The fax number is 2142064068.

The email address is sul@sulleelaw.com; hlee@sulleelaw.com; filing@sulleelaw.com

The applicants proposed correspondence information: Sul Lee. Sul Lee of Sul Lee Law Firm, PLLC., is located at

> 3030 Lyndon B Johnson Fwy, Suite 1130
> Dallas, Texas 75234
> United States

The phone number is 214-206-4064.

The fax number is 214-206-4068.

The email address is sul@sulleelaw.com; filing@sulleepllc.com; cjung@sulleepllc.com

**ADDITIONAL STATEMENTS**
**Claim of Active Prior Registration(s)**
The applicant claims ownership of active prior U.S. Registration Number(s) 5307824.


**Miscellaneous Statement**
Applicant request to withdraw the disclaimer of "Braid" from the applicaiton. In addition, The applicant provide evidence of ownership of the mark cited in the office action.

**Original PDF file:**
mis-666439126-20191031154343272773_._20190816_Trademark_Assignment_Agreement__1_.pdf
**Converted PDF file(s)** ( 5 pages)
Miscellaneous File1
Miscellaneous File2
Miscellaneous File3
Miscellaneous File4
Miscellaneous File5
**Original PDF file:**
mis-666439126-20191031154343272773_._20190826_NOTICE_OF_RECORDATION_OF_ASSIGNMENT_DOCUMENT__2_.pdf
**Converted PDF file(s)** ( 1 page)
Miscellaneous File1


**SIGNATURE(S)**
**Declaration Signature**


**DECLARATION: The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.**

**STATEMENTS FOR UNSIGNED SECTION 1(a) APPLICATION/AOU**: If the applicant filed an unsigned application under 15 U.S.C. §1051(a) or AOU under 15 U.S.C. §1051(c), the signatory additionally believes that: the applicant is the owner of the mark sought to be registered; the mark is in use in commerce and was in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; the original specimen(s), if applicable, shows the mark in use in commerce as of the filing date of the application or AOU on or in connection with the goods/services/collective membership organization in the application or AOU; *for a collective trademark, collective service mark, collective membership mark application, or certification mark application,* the applicant is exercising legitimate control over the use of the mark in commerce and was exercising legitimate control over the use of the mark in commerce as of the filing date of the application or AOU; *for a certification mark application,* the applicant is not engaged in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification

APPENDIX115

program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

**STATEMENTS FOR UNSIGNED SECTION 1(b)/SECTION 44 APPLICATION AND FOR SECTION 66(a) COLLECTIVE/CERTIFICATION MARK APPLICATION:** If the applicant filed an unsigned application under 15 U.S.C. §§ 1051(b), 1126(d), and/or 1126(e), or filed a collective/certification mark application under 15 U.S.C. §1141f(a), the signatory additionally believes that: *for a trademark or service mark application,* the applicant is entitled to use the mark in commerce on or in connection with the goods/services specified in the application; the applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date; *for a collective trademark, collective service mark, collective membership mark, or certification mark application,* the applicant has a bona fide intention, and is entitled, to exercise legitimate control over the use of the mark in commerce and had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce as of the application filing date; the signatory is properly authorized to execute the declaration on behalf of the applicant; *for a certification mark application,* the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant. **To the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive.**

Signature: /Sul Lee/     Date: 10/31/2019
Signatory's Name: Sul Lee
Signatory's Position: Attorney of record, Texas Bar member
Signatory's Phone Number: 2142064064

**Response Signature**
Signature: /Sul Lee/     Date: 10/31/2019
Signatory's Name: Sul Lee
Signatory's Position: Attorney of record, Texas bar member

Signatory's Phone Number: 2142064064

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:   SUL LEE
   LAW OFFICE OF SUL LEE PLLC

   2560 ROYAL LANE SUITE 202
   DALLAS, Texas 75229
Mailing Address:   Sul Lee
   Sul Lee Law Firm, PLLC.
   3030 Lyndon B Johnson Fwy, Suite 1130
   Dallas, Texas 75234

Serial Number: 88305635
Internet Transmission Date: Thu Oct 31 17:04:36 EDT 2019
TEAS Stamp: USPTO/ROA-XX.XX.XX.XXX-20191031170436742
606-88305635-70042b7ac8f6ce9cb94cb3451d1
1559a34c654919e7af43264d496b5caa17e0-N/A
-N/A-20191031165919904971

APPENDIX116

# TRADEMARK ASSIGNMENT AGREEMENT

This TRADEMARK ASSIGNMENT AGREEMENT ("**Trademark Assignment**"), effective July 22, 2016, is made by Eunja Son ("**Son**"), an individual, in favor of her company I&I Hair Corporation ("**I&I**"), a Texas Corporation, located at 2205 Royal Lane, Dallas, TX 75229.

WHEREAS, Son is the owner of I&I Hair Corporation and always intended and believe these trademark registrations and applications were always owned by, I&I Hair Corporation;

WHEREAS, Son has conveyed, transferred, and assigned to I&I, among other assets, certain intellectual property of Son, and has agreed to execute and deliver this Trademark Assignment, for recording with the United States Patent and Trademark Office and corresponding entities or agencies in any applicable jurisdictions;

NOW THEREFORE, Son agrees as follows:

    1.   <u>Assignment</u>. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Son hereby irrevocably conveys, transfers, and assigns to I&I all of Son's right, title, and interest in and to the following:

    (a)   the trademark registrations and trademark applications set forth on Schedule 1 hereto and all issuances, extensions, and renewals thereof (the "**Assigned Trademarks**"), together with the goodwill of the business connected with the use of, and symbolized by, the Assigned Trademarks;

    (b)   all rights of any kind whatsoever of Son accruing under any of the foregoing provided by applicable law of any jurisdiction, by international treaties and conventions, and otherwise throughout the world;

    (c)   any and all royalties, fees, income, payments, and other proceeds now or hereafter due or payable with respect to any and all of the foregoing; and

    (d)   any and all claims and causes of action with respect to any of the foregoing, whether accruing before, on, or after the date hereof, including all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, dilution, misappropriation, violation, misuse, breach, or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

    2.   <u>Recordation and Further Actions</u>. Son hereby authorizes the Commissioner for Trademarks in the United States Patent and Trademark Office and the officials of corresponding entities or agencies in any applicable jurisdictions to record and register this Trademark Assignment upon request by I&I. Following the date hereof, Son shall take such steps and actions, and provide such cooperation and assistance to I&I and its successors, assigns, and legal representatives, including the execution and delivery of any affidavits, declarations, oaths, exhibits, assignments, powers of attorney, or other documents, as may be reasonably necessary to effect, evidence, or perfect the assignment of the Assigned Trademarks to I&I, or any assignee or successor thereto.

3.    Counterparts. This Trademark Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same agreement. A signed copy of this Trademark Assignment delivered by facsimile, e-mail, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Trademark Assignment.

4.    Successors and Assigns. This Trademark Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

5.    Governing Law. This Trademark Assignment and any claim, controversy, dispute, or cause of action (whether in contract, tort, or otherwise) based upon, arising out of, or relating to this Trademark Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the United States and the State of Texas, without giving effect to any choice or conflict of law provision or rule (whether of the State of Texas or any other jurisdiction).

[SIGNATURE PAGE FOLLOWS]

2

APPENDIX118

IN WITNESS WHEREOF, Son has duly executed and delivered this Trademark Assignment as of the date first written above.

Eunja Son

By: _____

Name: Eunja Son

Address for Notices:

8641 Creede TRL Fort Worth TX 76118

ACKNOWLEDGMENT

STATE OF TEXAS )

COUNTY OF DALLAS )SS.
)

On the _____16_____ day of August, 2019, before me personally appeared Eunja Son, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the foregoing instrument, who, being duly sworn, did depose and say that she executed the same for the uses and purposes mentioned in the instrument.

Notary Public _____  Haidyn Lee

Printed Name: Haidyn Lee

My Commission
Expires: June 4, 2023

```
HAIDYN LEE
Notary ID #132036685
My Commission Expires
June 4, 2023
```

AGREED TO AND ACCEPTED:

I&I Hair Corporation

By: _____

Name: Hyun Han

Title: CEO

Address for Notices:

2205 Royal Ln , Dallas, TX 75229

ACKNOWLEDGMENT

STATE OF TEXAS )

)SS.

COUNTY OF DALLAS )

On the _____16_____ day of August, 2019, before me personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the foregoing instrument, who, being duly sworn, did depose and say that [he/she] executed the same in his/her authorized capacity as the _____ of I&I, and acknowledged the instrument to be his/her] free act and deed/the free act and deed of I&I for the uses and purposes mentioned in the instrument.

3



Notary Public
Printed Name: Haidyn Lee

My Commission
Expires: June 4th, 2023

HAIDYN LEE
Notary ID #13203668%
My Commission Expires
June 4, 2023

4

APPENDIX120

**SCHEDULE 1**

**Assigned Trademarks**

Trademark Registrations

| Mark | Jurisdiction | Registration Number | Registration Date |
|---|---|---|---|
| EZBRAID | US | 5307824 | 10/10/2017 |
| And all other trademark registrations worldwide in any jurisdiction owned or purportedly owned by Eunja Son | | | |

Trademark Applications

| Mark | Jurisdiction | ITU Status | Application Serial Number | Filing Date |
|---|---|---|---|---|
| All trademark applications worldwide in any jurisdiction owned or purportedly owned by Eunja Son | | | | |

5

APPENDIX121



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND
DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

AUGUST 26, 2019

PTAS

I&I HAIR CORPORATION
2205 ROYAL LN
DALLAS, TX 75229

# 900511777

UNITED STATES PATENT AND TRADEMARK OFFICE
NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT RECORDATION BRANCH
OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE COPY IS AVAILABLE AT THE
ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION
CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT
AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE
QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE ASSIGNMENT RECORDATION
BRANCH AT 571-272-3350. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT
AND TRADEMARK OFFICE, MAIL STOP: ASSIGNMENT RECORDATION BRANCH, P.O. BOX
1450, ALEXANDRIA, VA 22313.

RECORDATION DATE: 08/20/2019          REEL/FRAME: 6726/0719
                                      NUMBER OF PAGES: 6

BRIEF: NUNC PRO TUNC ASSIGNMENT EFFECTIVE 07/22/2016

ASSIGNOR:
   SON, EUNJA                         DOC DATE: 08/16/2019
                                      CITIZENSHIP: NONE
                                      ENTITY: INDIVIDUAL

ASSIGNEE:
   I&I HAIR                           CITIZENSHIP: TEXAS
                                      ENTITY: CORPORATION
   2205 ROYAL LN
   DALLAS, TEXAS 75229

SERIAL NUMBER: 87113273              FILING DATE: 07/22/2016
REGISTRATION NUMBER: 5307824         REGISTRATION DATE: 10/10/2017
MARK: EZBRAID
DRAWING TYPE: STANDARD CHARACTER MARK

ASSIGNMENT RECORDATION BRANCH
PUBLIC RECORDS DIVISION

APPENDIX122